CHARLES G. MOLL *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 18, 1901.*

1. SPECIAL ASSESSMENTS—*when affidavit of mailing notices is insufficient.* An affidavit of mailing and posting notices is insufficient which purports to be made by one person and is sworn to by another.

2. SAME—*ordinance should describe kind and size of "flat stones."* It is not sufficient for an ordinance to describe the stones on which the curb-stones are to be bedded merely as "flat stones."

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

WILLIAM F. CARROLL, and L. S. BAILEY, for plaintiffs in error.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is a special assessment proceeding brought by the defendant in error for curbing with curb-stones, grading, and paving with cedar blocks, Sixty-second street, between Halsted street and Center avenue, in the city of Chicago. The ordinance was passed, and on default a confirmation was entered April 22, 1896, but the final judgment as to the property involved in this writ of error was not entered until October 18, 1899.

The first section of the ordinance provides: "That the right of way of Sixty-second street, from the western line of Halsted street to the east line of Center avenue, in said city of Chicago, on said right of way, being thirty-eight feet in width, be and the same is hereby ordered curbed with the above quality of limestone curb-stones, said curb-stones to be four feet long, three feet deep and five inches in thickness, with the top edge flat and square. Each curb-stone shall have a straight base the whole length, and to be firmly bedded upon flat stones; each curb-stone to be bush-hammered on the top surface and for a space of twelve inches down from the top."

The affidavit of mailing and posting of notices purports to be made by S. H. Chase, and is sworn to by A. W. Cooke.

Upon this record plaintiffs in error prosecute this writ of error, and assign as error the want of jurisdiction because of the insufficiency of the affidavit and the insufficiency of the ordinance, in that the flat stones upon which the curb is to rest are not sufficiently described in the ordinance. Both of these errors are well assigned. *Sheridan* v. *City of Chicago*, 175 Ill. 421; *Lusk* v. *City of Chicago*, 176 id. 207.

The judgment is reversed and the cause remanded to the county court of Cook county.

*Reversed and remanded.*