### THOMAS L. HUMPHREYVILLE

*v.*

### CULVER, PAGE, HOYNE & Co.

1. BILL OF EXCEPTIONS—*when necessary.* Where no objection to the decision of the court below in striking a plea, and notice of special matter of defense, from the files, is preserved in the bill of exceptions, the correctness of such decision will not be inquired into in this court.

2. PROMISSORY NOTE—*indorsements by owner.* Where the plaintiffs are in possession of a note specially assigned to them, if their names are indorsed upon it, the presumption is that such indorsement is a mere memorandum, or, if they had negotiated it to others, they had taken it up, and such indorsement operates as a re-assignment to themselves.

3. PRACTICE—*vacating judgment by consent.* Although a court can not set aside its own judgment at a subsequent term of court, without consent, yet, with the consent of all the parties it may do so.

4. SAME—*impeaching record by affidavit.* After the adjournment of a term at which a judgment is rendered, its absolute verity can not be overcome, or even attacked, by affidavit.

5. SAME—*when objections as to placing case on trial calendar are waived.* Where a cause is submitted, by consent of parties, for trial by the court without a jury, such consent is a waiver of all objections as to placing the case upon the trial calendar.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BURNS, Judge, presiding.

Mr. J. H. KNOWLTON, for the appellant.

Mr. WILLIAM TALCOTT, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellees brought suit on a note given by appellant, and described it as bearing date November 20, 1872, when, in fact, it was dated on the same day in November, 1871. Appellant filed a plea of the general issue and notice of special matter of defense. The plea and notice were stricken from the files on motion of appellees, for want of an affidavit of merits. A default was entered and the damages assessed. Subsequently the judgment was set aside by consent of attorneys on both sides, and after being passed at one term on account of the sickness of defendant's attorney, and continued at another because he was engaged in the trial of a cause in another court, at the March term, 1874, the cause was reached for trial on the docket; but, defendant failing to appear, the case was tried and a judgment rendered. A motion, based on affidavits, was made to set aside this second judgment, which the court overruled, and this appeal is prosecuted.

It is first urged that the court below erred in striking the plea and notice from the files, because, under the constitution requiring uniformity in the practice of courts of the same grade, and the legislature having adopted a practice act for the circuit and superior courts, which has not authorized such a practice, the court erred in its action on the motion. Whether this is true or not, we need not inquire, inasmuch as an objection to that decision of the court is not preserved in the bill of exceptions.

It is urged that the note was first indorsed to Culver, Page, Hoyne & Co., then indorsed by them, and that they did not hold the legal title to the note, and could not maintain the action in their names. The record shows an indorsement of the note from the payee to Culver, Page, Hoyne & Co. This assignment is written out in full under the copy of the note,

and under it appears the name, Culver, Page, Hoyne & Co.; but whether as an indorsement of the note, or as a mere memorandum, does not appear. It appears that they held the note under a special assignment, and being in possession of it, the presumption is that they owned the legal title to the instrument, and that their names were placed on the note as a mere memorandum, or that, had they negotiated it to others, they had taken it up, and the indorsement operated as a re-assignment to themselves. See *Richards* v. *Darst*, 51 Ill. 140. We are unable to perceive any force in this objection.

It is urged that the court below had no power, at a subsequent term, to set aside a judgment of the previous term. This is, no doubt, true where it is without the consent of the parties; but we presume no one would contest the proposition, that the court may, with the consent of both parties; and appellant's counsel seemed to be fully aware of the fact when he filed the affidavits to impeach the record to show that it was not done by consent. We had supposed that the practice was well settled and generally understood by the profession, that after the adjournment of the term at which a judgment is rendered, its absolute verity can not be overcome, or even attacked, by affidavits. We are aware of no case in modern times where such an effort has been made, until presented in this case. The objection is without the slightest semblance of force.

But it is asked by what authority the court placed the cause on the trial calendar for the next June term. We might ask why it should not have been, as appellant has shown no reason in the record. We must presume that all cases will, at some period of time, be placed on the trial calendar, and this case had stood for trial from the 10th day of May, 1872, when the former judgment was vacated, one year and ten months before it was tried. Whether or not it had been placed on the docket for a term more than a year and a half before it was tried, could not, in the slightest degree, prejudice appellant. The length of time was such, that it is not an unreasonable presumption that it was reached in its regular order, without

reference to having been set for a particular term. In fact, it appears that, on the first day of April, the cause was submitted to the court, by consent of the attorneys of the parties, for trial by the court without a jury, to be taken up the next day. If such consent did not waive all previous objections as to placing the case upon the docket, it is difficult to know how a waiver could be had, unless in express terms that would leave nothing to inference.

We see no force in any of the errors assigned, and the judgment must be affirmed.

*Judgment affirmed.*