JAMES W. SHERIDAN

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1898.*

1. SPECIAL ASSESSMENTS—*affidavit of mailing notices is part of the process.* On a direct proceeding to review a confirmation judgment the commissioners' affidavit of mailing notice is construed as part of the process, and must be sufficient, on its face, to show that the statutory requirements were complied with, including the date of mailing notices, as a default cannot be based on process not showing time of service.

2. APPEALS AND ERRORS—*party cannot complain of error which he has invited.* One cannot assign for error defects appearing in orders entered by the court pursuant to his request and with his consent.

3. JUDGMENTS AND DECREES—*court may by consent of the parties set aside judgment entered at former term.* An order or judgment of court may be set aside or changed at a subsequent term, where all the parties interested appear and expressly consent to the change.

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

GEORGE W. WILBUR, for plaintiff in error.

CHARLES S. THORNTON, Corporation Counsel, JOHN A. MAY, and STUART G. SHEPARD, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On April 11, 1892, the city council of the city of Chi-cago passed an ordinance providing that a connected system of sewers be constructed in eight streets in the ordinance named, and commissioners were appointed to estimate the cost of the improvement, who estimated the cost to be $38,511.78. The ordinance for the improvement detailed the character and size of the sewers and the grade lines thereof, and provided further: "One hundred and twelve man-holes to be built upon said sewer at such points as may be directed, to be cylindrical in shape and

have an internal diameter of three feet and resting on a foundation of three courses of sewer brick, the walls of said man-holes to be eight inches thick, built of two courses of sewer brick laid edgewise, in perpendicular courses. Ninety-eight catch-basins shall be constructed, and connected and trapped with said sewer with nine-inch vitrified tile pipe, located at such points on the curb lines of said street as may be directed. Said catch-basins shall be seven feet two inches deep, to be four feet inside diameter on the bottom to a height of five feet two inches, and thence to narrow to three feet inside diameter at the top. * * * All brick work to be laid in the best American hydraulic cement, said work to be done under the superintendence of the department of public works." Section 3 provides that assessments shall be divided into and collected by installments, in accordance with the act of the General Assembly of the State of Illinois, and that the amount of the first installment shall be twenty per cent of the total assessment.

On June 18, 1892, the city of Chicago presented to the county court its petition for the appointment of commissioners to make the assessment of the cost of this connected system of sewers, as provided for by the ordinance. The order appointing the commissioners to spread the assessment, by a clerical error directed and ordered the sewer on four of the streets to be constructed from West Twentieth street to West Thirty-first street, instead of from West Twenty-sixth street to West Thirty-first street. The commissioners, however, as stated in the brief of plaintiff in error, "in the proceedings and assessment roll did not provide for an improvement commencing at West Twentieth street, but they followed the original petition and the ordinance which was made a part thereof."

It is objected that the affidavit as to mailing notices is insufficient. The affidavit commences as follows: "This affiant, Henry Esdohr, being first duly sworn, upon oath says that the affiant and Humphrey Moynihan and John

O'Brien were heretofore appointed," etc.  The affidavit is signed, however, by John O'Brien, another of the commissioners, and not the one who was sworn, as appears by the affidavit.  The *jurat* is dated August 3, 1892, and shows the return day to be August 8, 1892.  This being a direct proceeding, the notice is to be construed as a part of the process, and should be sufficient on its face to show that the statutory requirements were complied with.  A process which does not show the time when it was served cannot be made the basis of a default at the return term.

The fourth point made by plaintiff in error is, that the order of default and confirmation is insufficient and void.  The insufficiency is alleged to be in that no property is described in the judgment order.  A reading of the order of August 10, 1892, will fail to disclose any uncertainty about the description of the property included therein.  Judgment was entered against all of the property included in the assessment roll, except against certain specific property which was fully described in the order objected to.  Subsequently all objections filed by objectors were overruled and a judgment of confirmation entered, and the clerk was ordered to certify the same. Thereafter the default as to certain property owners was set aside, and the hearing was continued from time to time until January, 1896, when, as to certain property, the court reduced the assessment and entered judgment of confirmation as to the residue.  The plaintiff in error brings this record, and assigns error to the action of the court in entertaining jurisdiction and entering judgment.

From the facts appearing in this record we do not deem it necessary to discuss the foregoing points raised by plaintiff in error. It appears that on January 18, 1897, plaintiff in error, with others, entered his motion to set aside the order of confirmation entered by the county court, and as abstracted the following judgment and order were entered:

"On January 18, 1897, an order was entered on behalf of certain parties, stating that said parties, by their attorney, severally consent and agree in open court that the judgment of confirmation heretofore entered herein against their property may be vacated and set aside and stand for naught; that a trial by jury may be waived, and that said cause may be submitted to the court for trial without the intervention of a jury, and it is ordered that judgment of confirmation heretofore entered against the several lots, pieces or parcels of land hereinafter described be and the same is hereby vacated and set aside. And the court being fully advised in the premises, finds that the contract for the improvement mentioned has been let, and that there is a difference between the contract price or cost of constructing said improvement and the assessment levied therefor of not less than 44.6 per cent; and the court further finds that the first installment was in collection this year; that said first installment has either been paid or judgment and order of sale entered against the lands upon which it remains unpaid, and this order shall not affect said first installment. It is therefore ordered that the said assessment be and the same is hereby reduced 44.6 per cent as to the unpaid installments upon the lands described below, to-wit: (Here follows description of property with amounts of assessment.) And that judgment of confirmation be and is hereby entered against each and all the lots, blocks, tracts and parcels of land described above for the amount set opposite the same as reduced."

The plaintiff in error by this motion appeared in court, and, so far as shown by the record, consented and agreed that the judgment of confirmation should be set aside, and waived a jury and submitted to the court for trial the question of the confirmation of the assessment without in any manner, before or at the time, presenting any objection to the proceedings or to entering judgment. The plaintiff in error cannot complain of any defect which

might exist in these orders, which were entered pursuant
to his request and with his express consent, for there is
no principle of law more familiar than that a party shall
not be permitted to assign for error that which he has
requested the court to do. (*Clemson* v. *State Bank of Illinois*,
1 Scam. 45; *Northern Line Packet Co.* v. *Binninger*, 70 Ill. 571;
*Calumet Iron and Steel Co.* v. *Martin*, 115 id. 358; *Washington*
v. *Louisville and Nashville Railway Co.* 136 id. 49.) "The ap-
pellant must be consistent, and if he asks the court below
to make a specific ruling or to proceed in a certain man-
ner he cannot complain in an appellate court that the
ruling or action is erroneous.    He has invited the error,
must accept its results and the Appellate Court will not
reverse a judgment at his instance on account of it."
2 Ency. of Pl. & Pr. 519, *et seq.* and cases cited.

The rule which prevents the court from interfering
with its judgments rendered at terms which have passed
can have no application to orders or judgments entered
by the express consent and agreement of all parties in-
terested.    The plaintiff in error cannot thus voluntarily
enter his appearance and request the court to act, with-
out presenting any objection to the court and without
excepting to any action of the court, and then assign
error and have an appellate tribunal review such action.

The judgment of the county court of Cook county is
affirmed.
                                        *Judgment affirmed.*