James A. Turner, Plaintiff-Appellant, v. Patrick E. Wallace, Defendant-Appellee.

Gen. No. 65–69.

Third District.

May 25, 1966.

Smith, Whitney & Church, of Peoria, for appellant.

McConnell, Kennedy, McConnell & Morris, of Peoria, for appellee.

CORYN, P. J.

This is an appeal from a judgment entered on a verdict for defendant, Patrick E. Wallace, in a cause for personal injuries allegedly sustained by plaintiff, James A. Turner, on August 20, 1962, when an automobile he was driving was struck from the rear by a vehicle owned and operated by defendant. The complaint is in two counts, one for general negligence under the maxim res ipsa loquitur, and one for specific negligence. It is asserted by plaintiff that the collision occurred while he was stopped on South Western Street for a traffic signal at its intersection with Garden Street in the City of Peoria, and that the force of the impact caused his car to move forward and collide with the rear of a vehicle operated by one Herbert Seiler, which was stopped in front of him. He claims to have sustained personal injuries from this occurrence, and complains here that he was and is entitled to verdict and judgment as a matter of law, and that he should be allowed a new trial confined to the issue of damages. He also asserts that numerous other errors were made by rulings during the course of the hearing from which we conclude that he alternatively seeks a new trial on all issues.

In determining whether plaintiff is entitled to judgment as a matter of law, we have first considered the propriety of a ruling refusing plaintiff's Instruction No. 7 on res ipsa loquitur since that ruling is said to have constituted, in effect, a dismissal of plaintiff's count for general negligence. Citing the case of Erckman v. Northern Illinois Gas Co., 61 Ill App2d 137, 210 NE2d 42, plaintiff claims that no election is required of a complainant between his counts for general negligence and for specific negligence. For the proposition that the res ipsa loquitur maxim is applicable to the case of

a rear-end collision, plaintiff cites the ruling in Nielsen v. Pyles, 322 Ill App 574, 54 NE2d 753. His Instruction No. 7, which is a combination of IPI instructions numbered 22.01 and 22.02, is as follows:

"Under our law James A. Turner may attempt to prove in either of two ways that Patrick E. Wallace was negligent. He may prove either what Patrick E. Wallace actually did or did not do, or, on the other hand, he may attempt to prove the following propositions:

"First: That the plaintiff just before and at the time of the occurrence was using ordinary care for his own safety.

"Second: That the plaintiff was injured in his person.

"Third: That the injury was received from an automobile which was under the defendant's control.

"Fourth: That in the normal course of events, the injury would not have occurred if the defendant had used ordinary care while the automobile was under his control.

"If you find that each of these propositions has been proved, the law permits you to infer from them that the defendant was negligent with respect to the automobile while it was under his control or management. If you do draw such an inference your verdict must be for the plaintiff if any injury or damage proximately resulted. But if, on the other hand, you find that any of these propositions has not been proved, or if you find that the defendant used ordinary care for the safety of others in his management of the automobile, then your verdict should be for the defendant."

It is defendant's theory that no error was made by the trial court in refusing to give the foregoing instruc-

165

tion on res ipsa loquitur because the jury was adequately instructed by plaintiff's Instruction No. 4, which is IPI Instruction No. 1.03 to the effect that a fact may be proved by circumstantial evidence.

 In our judgment, the res ipsa maxim in Illinois is a principle of law distinguishable from the legal principle that a fact may be proved by circumstantial evidence. See 38 Am Jur, Negligence, § 297; 97 ALR2d 524. Where an effect (the injury) is shown to be one which does not ordinarily occur in the absence of negligence, and if it is shown also that plaintiff has no responsibility for the effect, but that it has been produced by a motion (an instrumentality) within defendant's control, then it may be reasonably inferred, by reason of the application of the res ipsa maxim, that the unknown force which initiated the motion (set the instrumentality in operation) was an act of negligence on the part of defendant. Metz v. Central Illinois Electric & Gas Co., 32 Ill2d 446, 207 NE2d 305. Where, at the conclusion of the evidence in a case, the specific and actual force which initiated the motion, or set the instrumentality in operation, is known, there is no room for inference that some other unknown negligent act or force is responsible, and all that is left to be decided is whether the known acts of defendant (the force) conform to applicable standards of care. See 38 Am Jur, Negligence, § 297; 33 ALR 791. It is not the function of the res ipsa maxim to permit the characterization of known acts as negligence per se, nor is it its function, where the evidence discloses all the physical causes of the injury (the actual forces), to permit an inference of some other unknown force or fault constituting negligence. 38 Am Jur, Negligence, § 297, p 993. If this were the function of the maxim, the instruction on the res ipsa might be available in nearly every negligence case. We think the res ipsa instruction is to be used only where the evidence at the close of the case has

166

failed to reveal the actual specific forces which initiated the instrumentality that produced the effect, and there is sufficient proof to sustain an affirmative finding on each of the basic facts from which the res ipsa loquitur inference is permitted.

██ ██ It is said that the res ipsa inferences that may have arisen to establish plaintiff's prima facie case do not vanish when defendant offers evidence of due care, but remain to be weighed with the evidence. This proposition is correct, but limited to the case where defendant's proof tends only generally to establish due care, but does not reveal the specific causes of the injury or damage. In relation to this kind of general evidence, the inferences of fault arising from the proof of the basic facts may be more or less compelling, and should not be deemed overcome as a matter of law. If after the maxim has been relied upon to establish a prima facie case, however, the explanation of defendant, or the evidence from any source, has disclosed all the facts attending the injury, and the specific force which initiated the motion is revealed, nothing is left for inference, and the instruction on res ipsa should not be given. See 33 ALR2d 791. The trial court must decide in every case, at the close of the evidence, whether the actual force has been shown (the facts attending the initiation of the instrumentality) and other explanations excluded, so that the res ipsa maxim is inapplicable, or whether the inferences permissible under the res ipsa maxim are compatible with the proof. See 33 ALR2d 791. Although we are mindful that the maxim has been applied in instances of rear-end collisions (see annotation: 151 ALR 876 et seq.) and that it has been applied in such an instance in Illinois, Nielsen v. Pyles, supra, it is also clear that all the facts attending the injury, in the case at bar, are shown by the evidence. We concur with the trial court, therefore, that this case is

167

not an appropriate one for the application of the res ipsa maxim.

Rejection of the res ipsa maxim does not mean that actionable negligence may not have been established, as a matter of law, by the circumstantial or direct proof. 38 Am Jur, Negligence, § 297. We have, therefore, reviewed the record carefully to determine whether plaintiff is entitled to judgment as a matter of law, as claimed. Although we concede that a conclusion contrary to the verdict of the jury might reasonably have been warranted, we cannot say that the verdict is without support in the evidence, and that it is accordingly palpably and manifestly erroneous. There is some dispute in the record as to whether plaintiff's car was struck while stopped for a traffic light, or whether the collision occurred later after plaintiff had moved out, and then stopped. Defendant's evidence tends to show that his brakes became defective as a result of the collision and that defective brakes was not the cause of the collision. Defendant pleaded guilty to a charge of having "defective brakes," but being permitted to weigh this evidence in the light of their own experiences, the jurors were entitled to give it little weight. Defendant testified that after the traffic light changed and the cars ahead of him began to move, he started up his automobile when two boys on a bicycle rode up to his right, one pedalling and one riding on the handlebars. One of the children grabbed the bar between the open vent window and the open main glass in the right front door panel and called out, "Hey, Mister! How about a tow?" Defendant stated that he was distracted by the children's voices just as traffic in front stopped, and that he immediately applied his brakes upon impact with plaintiff. Defendant's nephew, Melvin Hayes, a boy of fourteen or fifteen years, was riding with his uncle, and at the trial corroborated the foregoing testimony of defendant, and stated that upon impact, he heard

168

a "pop." Defendant stated that prior to the collision, his brakes operated normally, but that after the collision they were broken. Plaintiff argues that defendant's admitted violation of a statute, pertaining to brakes (Ill Rev Stats, c 95½, § 211(a)) constitutes negligence per se, and cites several cases for the proposition that "nonperformance of . . . [a] . . . statutory duty, resulting in injury to another, may . . . be pronounced to be negligence as a conclusion of law." That principle has no application here, however, since it was a debatable question whether defective brakes was the proximate cause of the injury, and the jury accepted defendant's evidence to the contrary. Whether defendant, in view of the situation created by the boys on a bicycle, acted reasonably toward plaintiff under the circumstances shown by the evidence, was, we think, an issue upon which reasonable men might differ. We conclude that no error was made in refusing plaintiff's motions for directed verdict and for judgment n. o. v.

During the voir dire examination of a venireman, who had worked many years in a doctor's office, plaintiff's counsel attempted to inquire as to whether she had "ever experienced pain," but was precluded from this inquiry by the court on objection by defendant. Plaintiff states that some people "stoically believe there is no pain or that it is not compensable," and that the ruling of the trial court prevented him from pertinent inquiry to ascertain the venireman's state of mind, so that his right of peremptory challenge could be exercised intelligently.

 Under Supreme Court Rule 24–1 (Ill Rev Stats, c 110, § 101.24–1), the nature and extent of examination of jurors by counsel, on issues not concerning matters of law, is left to the sound discretion of the trial judge. The exercise of this judicial discretion is subject to review, however, and the test of whether there was an abuse must be determined by inquiry as to

whether the party complaining was, on the whole, accorded a fair opportunity to question the jurors on matters affecting their legal qualifications, prejudices, and attitudes. Inquiries to collateral matters which seem to inordinately prolong the examination, or which seem designed to indoctrinate, condition, or ingratiate are properly excluded. In the present case, the court did not prohibit counsel from inquiring about the prospective juror's attitudes on pain, or as to whether she had any preconceived religious or philosophic tenets on the subject. We are of the opinion that the trial court might have permitted plaintiff's inquiry as one designed indirectly to elicit attitudes, but considering that the purpose of the question was not conspicuous from its language, and that the court had a duty to keep the examination within reasonable limits, we think no prejudicial error was made. People v. Moretti, 6 Ill2d 494, 129 NE 2d 709. See annotations: 72 ALR2d 905; 82 ALR2d 1420. Counsel could have ascertained the juror's attitudes merely by asking about her attitudes rather than her experiences. We do not think, on the whole, that he was deprived of a fair opportunity of examining the juror on any appropriate matters.

 Plaintiff next complains that the trial court erred in refusing plaintiff's Instruction No. 14 (IPI 60.-01) to the effect that there was in force a certain statute (Ill Rev Stats, c 95½, § 158(a)) prohibiting motorists from following another vehicle more closely than reasonable, the violation of which, if that be shown, may be considered in determining the question of negligence. Considering the evidence, we conclude that the court did not err in refusing to give this instruction. A similar instruction was held correctly refused in the case of Savage v. Blancett, 47 Ill App2d 355, 198 NE 2d 120, which also involved a rear-end collision at an intersection.

170

■ ■ A more serious question is presented by the trial court's refusal to give plaintiff's Instruction No. 23 (IPI No. 21.02) on the burden of proof, and the substitution, without comment, of defendant's Instruction No. 10, as follows:

"The jury are instructed that, with respect to the ailments and disabilities claimed by the plaintiff in this case, the law requires of him, before he can recover for any such ailment or disability, that he prove, by a preponderance of the evidence, not only that such ailment or disability exists, but also that it is the direct or proximate result of the occurrence in question. The jury have no right to guess or conjecture that any ailment or disability complained of by the plaintiff is the result of the occurrence, and if the evidence does not preponderate in favor of the plaintiff on that issue, you cannot allow the plaintiff damages for any such ailment or disability."

Under Supreme Court Rule 25–1 (Ill Rev Stats, c 110, § 101.25–1), "whenever I. P. I. contains an instruction applicable in a civil case, giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, the I. P. I. instruction *shall be used,* unless the court determines that it does not accurately state the law." (Emphasis added.) In the case at bar, it was not found by the trial court that plaintiff's Instruction No. 23 does not accurately state the law; the proffered instruction was refused without comment. We conclude that plaintiff's Instruction No. 23 does fairly, simply, and correctly state the applicable law, and that it should have been given, and that defendant's Instruction No. 10, which is not an IPI instruction, but which was substituted for the one offered by plaintiff, is repetitious, the second

171

sentence being a restatement of the first, creates an emphasis favorable to defendant, and contains terms such as "preponderate" that are undefined by other instructions. In Woolley v. Hafner's Wagon Wheel, Inc., 22 Ill2d 413, 176 NE2d 757, the Supreme Court, after finding that a new trial was required on other grounds, refused to examine the propriety of an instruction offered by plaintiff and denied by the trial court, but observing only that the offered instruction differed from one on the same subject in IPI, said that, "Upon a new trial, instructions will be given in accordance with Supreme Court Rule 25–1." Similarly: Cooper v. Cox, 31 Ill App2d 51, 175 NE2d 651. We think a new trial is required here, and that instructions should be given in accordance with Supreme Court Rule 25–1.

 Plaintiff also contends that the trial court erred in precluding him in opening statement from informing the jury of the ad damnum of his complaint, and that this error was compounded when he was denied the right upon closing argument to evaluate his case monetarily. It is not clear from the record whether plaintiff misinterpreted rulings of the court, on objections by defendant to certain of his statements, and abandoned the subject, or whether he was actually prevented by the court from such argument. Since a new trial is required for error in instructions, it is not necessary for us to decide whether error was made on this matter. For the purpose of clarifying the matter for new trial, however, we think it an accepted practice, within limits enunciated in Caley v. Manicke, 24 Ill2d 390, 182 NE2d 206, that counsel should be permitted to set forth upon opening statement, his theory as to the amount of damage the evidence will show, and to set forth on closing argument, the amount of compensation he deems proved and warranted under the evidence.

In view of our determination, we find it unnecessary to comment on other alleged errors. The judgment of the Circuit Court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ALLOY and STOUDER, JJ., concur.