ELMER A. HOLMGREN, Plaintiff-Appellee, *v.* HENRY H. NEWCOM,
Defendant-Appellant.

(No. 54772;

First District—May 6, 1971.

Anixter, Delaney, Bilandic & Pigott, of Chicago, (Michael A. Bilandic
and Robert A. Sprecher, of counsel,) for appellant.

Lendol D. Snow and David G. Mountcastle, both of Chicago, for
appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County
denying defendant's Section 72 petition to vacate a default judgment
against the defendant and in favor of the plaintiff.

We reverse.

The relevant facts are as follows: Plaintiff Holmgren filed his com-
plaint on September 23, 1968, alleging that the defendant Newcom held
a beneficial interest in a land trust both for himself and as nominee for
plaintiff, and that consequently plaintiff was entitled to certain proceeds
of the sale of this interest. Defendant filed a *pro se* appearance on
October 14, 1968. A default judgment was entered against defendant
on November 4, 1968, in the amount of $6,250 plus costs. According to
defendant's verified petition, on that same day, defendant's attorney
attempted to contact plaintiff's attorney to request an extension of time
to file an answer to the complaint. He was unsuccessful in this attempt.
On November 5 defendant's attorney contacted plaintiff's attorney, and

they agreed to enter a stipulation to vacate the default judgment of November 4. They were to sign a written stipulation on December 6, but defendant's attorney called plaintiff's attorney on that day and informed him that he, defendant's attorney, had been removed from the case and that all materials were being forwarded to defendant's new lawyer. To this plaintiff's attorney replied, "All bets are off."

After having no success with his next attorney, defendant rehired his original attorney who predicated a Section 72 petition to vacate upon the November 5 agreement. The Section 72 petition was filed April 11, 1969, and denied on June 12. A petition to reverse this order was denied on October 6, the judge below claiming that he lacked jurisdiction to vacate the November 4, 1968, judgment.

■■ We must first ascertain who was bound by the terms of the November 5 agreement. An attorney for a party to an action has the authority to take all steps necessary to protect his client's rights, and he may enter into stipulations or agreements in connection with the conduct of the litigation which will be considered the agreements of the client. (4 I.L.P. Attorneys and Counselors § 57; *American Car Co. v. Industrial Commission* (1929), 335 Ill. 322, 16 7N.E. 80; *People v. Whitfield* (1968), 40 Ill.2d 308, 239 N.E.2d 850.) Such an agreement was entered into by counsel on November 5, and both parties litigant were bound by its terms.

■■ When defendant's attorney called plaintiff's attorney on December 6 and informed him that he had been dismissed from the case, plaintiff's attorney had actual notice that the previous relationship between defendant and his lawyer had been terminated. Thus, even had defendant's attorney acquiesed to the attempt to terminate the agreement, his actions were no longer imputable to defendant, and thus could not possibly be construed as the actions of defendant.

It is argued by plaintiff that the phone call of December 6 constituted a rescission by mutual assent. We cannot accept this argument. There is no showing that defendant's dismissed attorney assented to the offer to rescind; but even if he did assent, the rescission would not be operative in that he had no authority to accept that offer at the time it was made. The basis of plaintiff's position seems to be that the November 5 agreement bound only the attorneys who made it, and created rights only in them. We must reject this reasoning for, as we stated above, attorneys bind their clients when entering into stipulations and agreements pertaining to litigation when such stipulations and agreements are within the scope of their authority.

Because the record failed to disclose any other grounds for considering the agreement terminated as between the parties, we must conclude

that the agreement to vacate the default judgment was still operative when defendant filed his petition to vacate on April 11.

A court may vacate or modify its judgment after it has otherwise lost jurisdiction through the passage of time when all the parties to a suit consent to it. (*Roin v. Checker Taxi Co.* (1962), 36 Ill.App.2d 447, 184 N.E.2d 736.) A stipulation to vacate is such a consent, and the judgment should be vacated.

Judgment reversed and cause remanded with direction.

McNAMARA, P. J., and DEMPSEY, J., concur.