JOHN KROTKE, Plaintiff-Appellant, *v.* CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY *et al.,* Defendants-Appellees.

(No. 55903;

First District (3rd Division)—April 18, 1974.

*Supplemental opinion upon rehearing filed February 6, 1975.*

494

James A. Dooley, of Chicago, for appellant.

Kirkland & Ellis, of Chicago (Leo K. Wykell, of counsel), for appellees.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff commenced this action in the circuit court of Cook County to recover damages for serious injuries sustained on December 9, 1952, while on defendant's platform awaiting the arrival of a passenger train. At the first trial, a jury was unable to reach a verdict. A second trial was held in which a verdict was returned in favor of plaintiff in the amount of $150,000. The trial court, holding that plaintiff was guilty of contributory negligence as a matter of law, granted defendant's motion for judgment notwithstanding the verdict and plaintiff appeals.

The first issue presented by plaintiff is that defendant's post-trial motion, although filed pursuant to stipulation, was not proper since under Supreme Court Rule 303(a) such a motion must be filed within 30 days after entry of the original judgment. Hence plaintiff argues that the trial court did not have jurisdiction over defendant's post-trial motion, that the original judgment must stand, and that this court does not have jurisdiction to entertain the appeal.

On November 25, 1969, judgment was entered for plaintiff upon the verdict of the jury. On December 22, 1969, defendant's counsel telephoned counsel for plaintiff, and it was agreed that plaintiff would not object to an extension of time within which defendant could file its post-trial motion. On the following day, plaintiff received, executed, and mailed a written stipulation to defendant in which it was agreed that the time in which to file post-trial motions "be and the same is hereby continued to and including the 26th day of January, 1970." Christmas, December 25, 1969, fell on a Thursday. In recognition of the holiday, the circuit court of Cook County had adopted an order extending the time of doing any act to be done on the 25th, 26th, or 27th to December 29, 1969. The record is silent as to when defendant received the signed stipulation. (Defendant maintains that it was received at 3:30 P.M. on December 29.) However, the stipulation was filed with the trial court on December 30, the 31st day after judgment, and an order was entered continuing and extending the time in which to file the post-trial motions to and including January 26, 1970. The order was typewritten, with the printed words "Over objection of plaintiff" appearing at the end of the order. On January 20, 1970, defendant filed its post-trial motion. Several months later, on September 4, 1970, plaintiff filed a motion to strike

defendant's post-trial motion, alleging lack of jurisdiction on the part of the trial court to extend the time for filing. The trial court denied plaintiff's motion to strike, and on January 7, 1971, the court entered judgment *n.o.v.* for defendant.

Supreme Court Rule 303(a) provides that the court acquires jurisdiction of a matter when a notice of appeal is filed with the clerk of the circuit court within 30 days after the entry of an order disposing of a post-trial motion which has been "timely" filed. (Ill. Rev. Stat. 1971, ch. 110A, par. 303(a).) And section 68.1(3) of the Illinois Civil Practice Act provides that a post-trial motion must be filed "* * * within 30 days after the entry of judgment * * * or within any further time the court may allow within the 30 days or any extensions thereof." Ill. Rev. Stat. 1971, ch. 110, par. 68.1(3).

■■ As a general rule, a court loses power through the passage of time after rendition of its judgment to review the same. (*Cook v. Wood* (1860), 24 Ill. 295; *Brockmeyer v. Duncan* (1960), 18 Ill.2d 502, 165 N.E.2d 294.) As an exception to the foregoing rule, it has been expressly held that a court, after 30 days, has the power to alter, modify, or set aside its judgment with the consent of the parties. *Humphreyville v. Culver* (1874), 73 Ill. 485. See also *Brown v. Miner* (1951), 408 Ill. 123, 96 N.E.2d 530; *Rossiter v. Soper* (1943), 384 Ill. 47, 50 N.E.2d 701.

■■■ We believe that a rule based upon the consent exception enunciated in *Humphreyville* and its progeny is proper in the present case, and that the time for filing defendant's post-trial motion was validly extended by stipulation of the parties. The statute imposing a time limitation within which a party must file his post-trial motion is not inconsistent with the inherent power of courts of general jurisdiction to enter orders modifying or vacating their judgments pursuant to the express consent and agreement of all the interested parties. (See *Sheridan v. City of Chicago* (1898), 175 Ill. 421, 51 N.E. 898.) It was within the discretion of the trial court, at the time the stipulation was presented and the order of extension entered, to determine whether the stipulation was valid and whether the time agreed upon within which to file was reasonable. The time stated in the order clearly was reasonable and plaintiff does not contest the validity of the stipulation. Plaintiff has waived his right to rely on the absolute finality of the judgment as provided in section 68.1(3), and thus is not prejudiced by our holding. He cannot complain of that which he has agreed to do. *Rossiter v. Soper, supra; Roin v. Checker Taxi Co.* (1962), 36 Ill.App.2d 447, 184 N.E.2d 736; *Holmgren v. Newcom* (1971), 133 Ill.App.2d 76, 272 N.E.2d 820.

We do not accept plaintiff's argument that by application of our holding the parties may extend the time within which an appeal shall be filed. Rule 303(a) contains the restriction that a notice of appeal shall be filed within 30 days after the disposition of a "timely" post-trial motion. We have held that the motion was timely. No lapse in time resulted from the granting of the extension by consent and the parties were aware of the time limits in which to file a notice of appeal.

In *Martin v. New York, C. & St. L. R.R. Co.* (1952), 346 Ill.App. 467, 105 N.E.2d 122 (abstract opinion), a case heavily relied upon by plaintiff, this court held that a post-trial motion was not filed in due time. In that case judgment was entered on October 17, and on October 25 an order was entered extending the time in which to file "to" November 15. By stipulation of the parties, an order was entered on November 15 extending the time in which to file "to" November 22. This court upheld the decision of the trial court that the motion was not filed in due time, finding that the word "to" did not mean "to and including." The court did not reach the issue, similar to that involved in the present case, of whether the trial court had jurisdiction to enter the stipulated order of extension on November 15.

We are here concerned with the court's power of authority with respect to a judgment which has been entered. A judgment, at some point in time, must become final as to all parties. When one party is able to unilaterally contest a judgment for an indefinite period of time, the opposing party is prevented from relying on that judgment and a mockery is made of the court's power and the judgment it renders. However, where both parties agree to a course of action which does not burden the court or diminish its power to render a final judgment, the interest of justice is furthered. We therefore hold that the trial court had the authority and jurisdiction to enter an order upon the agreement of the parties extending the time within which to file a post-trial motion notwithstanding the fact that the order was entered subsequent to the expiration of 30 days after the entry of the judgment. Having found that the post-trial motion was timely, we proceed to consider the merits of plaintiff's appeal.

Plaintiff contends that the doctrine of *res ipsa loquitur* is an aspect of circumstantial evidence and that plaintiff's case was adequately proved by circumstantial evidence. He further argues that the trial court erred in granting judgment *n.o.v.* on the issue of contributory negligence because it was a question of fact, not of law.

On December 9, 1952, plaintiff, John Krotke, was standing on defendant's platform located at 103d Street in the City of Chicago. Defen-

dant's railroad tracks run north and south at the station. Plaintiff was standing on the west platform waiting for a southbound train. Six persons, in addition to plaintiff, were on the platform at the time.

Plaintiff and Mrs. Bell testified that plaintiff was pacing up and down the platform, 2 or 3 feet from its track edge. Plaintiff testified that it was a beautiful day with perfect visibility and that it was not unusually noisy around the station at the time of his injury. He did not hear the crossing gate bells, the train's bell or whistle, or the noise of the train as it pulled into the station. Mrs. Bell, sitting on the station's bench with her daughter and four grandchildren, testified that she heard the flasher signals at 103d Street as the southbound train approached the station. She also heard the train and its warning bell. Mrs. Bell further testified that, as the train came into the station from the north, plaintiff walked south along the platform, still approximately 2 or 3 feet west of the edge of the platform. After the first few cars of the train had passed him, she noticed that he was lying on the platform. She did not see the train come in contact with him. Plaintiff testified that he felt as though he was hit "by a ball bat" and did not know what happened afterwards. He was found lying unconscious on the platform with his head to the north. He was about 3 feet from the edge of the platform and bleeding from the head behind his left ear.

Joseph Clan, the train engineer, testified that he saw a man on the platform as the train came into the station. Clan stated that it looked like a grab iron hit the man. A grab iron is a vertical iron rail located next to a boarding door used by passengers to board the coaches or by the train crew to board the locomotive. An examination of the grab irons immediately after the occurrence revealed that the dirt was undisturbed. Mrs. Bell testified that nothing was protruding from the train as it came into the station. The brakeman examined the train after the occurrence and found nothing protruding. Don Jahncke, the train fireman, testified that there were eight side doors on the right side of the locomotive which opened. These were approximately five feet above the ground. Clan testified that the maximum protrusion of the locomotive over the platform was two inches and that of each coach was four inches.

Plaintiff contends that the trial court erred in entering judgment *n.o.v.* in favor of defendant. He maintains that his case was adequately proved by circumstantial evidence, arguing that the doctrine of *res ipsa loquitur* supplied the necessary inferences of negligence. Although the trial court instructed the jury on *res ipsa*, we believe that the doctrine is inapplicable to the present case and that the trial court correctly granted judgment *n.o.v.*

■■ In order to apply the doctrine of *res ipsa loquitur*, plaintiff must

establish that the injury was caused by an agent or instrumentality within the control or management of defendant, that plaintiff was free from contributory negligence, and that the result is one not occurring without negligence in the control or management of the agency or instrumentality. (*Cobb v. Marshall Field & Co.* (1959), 22 Ill.App.2d 143, 159 N.E.2d 520.) In *Turner v. Wallace* (1966), 71 Ill.App.2d 160, 217 N.E.2d 11, this court stated at page 166:

> "In our judgment, the res ipsa maxim in Illinois is a principle of law distinguishable from the legal principle that a fact may be proved by circumstantial evidence. * * * Where an effect (the injury) is shown to be one which does not ordinarily occur in the absence of negligence, and if it is shown also that plaintiff has no responsibility for the effect, but that it has been produced by a motion (an instrumentality) within defendant's control, then it may be reasonably inferred, by reason of the application of the res ipsa maxim, that the unknown force which initiated the motion (set the instrumentality in operation) was an act of negligence on the part of defendant."

Plaintiff offered no evidence that the train was the instrumentality which caused his injury. No witness saw plaintiff come in contact with the train. The evidence offered in plaintiff's behalf was that he was 2 to 3 feet from the edge of the platform. According to the testimony, no object protruded from the train. Plaintiff's own evidence indicated that the greatest protrusion from the train was four inches. Consequently, there was no proof as to how plaintiff sustained the injury. Certainly, a fertile mind might conjure up other theories as to how the accident happened. However, no theory as to how the accident occurred can be established by circumstantial evidence unless the facts relied upon are of such a nature and so related to each other that it is the only conclusion that can be reasonably drawn from them. *Swanson v. Progress Electric Co.* (1946), 329 Ill.App.2d 188, 67 N.E.2d 426 (abstract opinion).

In our judgment, plaintiff's reliance on the United States Supreme Court decision of *Lavender v. Kurn* (1946), 327 U.S. 645, is misplaced. In that case a railroad switchman was found lying along the tracks with a fractured skull. There were no witnesses to the occurrence. Plaintiff introduced voluminous evidence that a mail hook, if extended, could strike the plaintiff if he were standing alongside a certain mound of cinders along the tracks. The evidence revealed that a train equipped with such a mail hook did pass along the tracks that evening. Extensive measurements were introduced into evidence showing that an injury could be sustained in the above manner. An inspection of the train after

the occurrence showed that the mail hook was not extended. The decedent was found some 15 feet from the mound of cinders. The court held that there were sufficient probative facts to support the conclusion of the jury that the railroad was negligent. In the present case, there is no evidence to show that any part or protrusion of the train could have struck the plaintiff as he stood two to three feet from the edge of the platform at the time the train passed. There was a complete absence of probative facts to support the conclusion of the jury that the train struck the plaintiff. (See *Larsen v. Chicago and North Western Ry. Co.* (7th Cir. 1957), 249 F.2d 867.) Indeed, we find persuasive defendant's comment that if *res ipsa loquitur* is applicable to the instant case, the doctrine would apply to every collision between a vehicle and pedestrian.

Furthermore, even assuming that part of the train did come in contact with the plaintiff and did cause his injury, we believe that the trial court correctly entered a judgment *n.o.v.* in favor of defendant on the issue of plaintiff's contributory negligence.

■■ In *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 229 N.E.2d 504, the court held that verdicts ought to be directed only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on the evidence could ever stand. Plaintiff and Mrs. Bell testified that plaintiff was 2 to 3 feet from the edge of the platform. He was facing south as the train approached from the north. Although plaintiff did not hear the bells or the train whistle, Mrs. Bell did. There was no evidence that anything protruded further than four inches over the platform. The engineer testified that it looked like the grab iron had hit plaintiff.

Viewing the evidence in its aspect most favorable to the plaintiff, the evidence overwhelmingly favors defendant's position that plaintiff was guilty of contributory negligence. It was a clear day. Nothing on the platform distracted plaintiff from his business of boarding defendant's train. For whatever reasons, plaintiff failed to keep a lookout for his own safety.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGLOON and MEJDA, JJ., concur.

## SUPPLEMENTAL OPINION

Mr. JUSTICE McNAMARA delivered the opinion of the court:

We have allowed plaintiff's petition for rehearing, to which defendant has filed an answer, and, in turn, plaintiff has filed a reply. Plaintiff has challenged all of our holdings. However, we wish to comment only on his contention that we erred in deciding that the case did not come within the doctrine of *res ipsa loquitur*.

Plaintiff has urged that we have erroneously rejected the use of circumstantial evidence in a *res ipsa* case, and that we are requiring direct proof of impact between plaintiff and the train. However, our holding is based on a finding that the circumstantial evidence adduced, when viewed in the light most favorable to plaintiff, does not provide a reasonable basis for the inference that defendant's instrumentality caused plaintiff's injury. No evidence was offered, circumstantial or direct, to show that it was physically possible for plaintiff to have been struck by the train. There was an attempt to establish a causal relationship between the train and the injury when plaintiff showed that there were protrusions along the side of the railroad cars. This fact was not developed into a circumstance sufficient to support an inference that such a protrusion or any part of the train struck plaintiff.

The *res ipsa* inference of negligence may be based on another inference only if the circumstantial evidence supporting the initial inference is deemed strong enough to justify the second conclusion. (See *Lindroth v. Walgreen Co.* (1950), 407 Ill. 121, 94 N.E.2d 847; *E. K. Wood Lumber Co. v. Anderson* (9th Cir. 1936), 81 F.2d 161, *cert. denied* (1936), 297 U.S. 723.) In the present case the fact of the injury, combined with the proximity of the train, is not enough to support the double inference that the train caused the injury and defendant was negligent. The claimed cause of the injury was the passing train, yet the evidence failed to show that the accident could have occurred in the manner alleged. In fact, the evidence indicated that such an occurrence was physically impossible.

In *Ohligschlager v. Proctor Community Hospital* (1973), 55 Ill.2d 411, 303 N.E.2d 392, relied on by plaintiff, the court held that a verdict may not be directed merely because plaintiff did not establish which possible factor was the actual cause of the injury. In that case, the evidence disclosed that plaintiff's injury could have been caused by any one of four factors, one of which was the negligent act of defendant. The court held that the proof was sufficient to establish a causal relationship between defendant's act and the injury. The holding in *Ohilgschlager* is not rele-

502

vant to the present case. In *Ohligschlager* the testimony of expert witnesses established that plaintiff's injury could have been caused by defendant in the manner alleged. The only issue was whether plaintiff had to negate all other possible causes, and the court held that plaintiff was not required to specifically prove which of the possibilities caused the injury. Here, the issue is whether the evidence supports a reasonable inference that defendant's train struck plaintiff. Since no testimony was adduced to show that such contact was physically possible, the evidence does not support the inference. Hence, the causal relationship between the train and plaintiff's injury must be deemed conjecture rather than fact, and the *res ipsa* presumption of negligence cannot properly be invoked.

Having further reviewed the briefs and having considered the petition for rehearing, the answer and the reply and the cases cited, we have decided to adhere to the opinion affirming the judgment.

McGLOON, P. J., and MEJDA, J., concur.