JAMES J. ROBERTS, JR., et al., Co-Adm'rs of the Estate of James J. Roberts, Deceased, Plaintiffs-Appellants, v. ALLSTATE LIFE INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—92—0652

Opinion filed April 8, 1993.

Goldfine & Bowles, P.C., of Peoria (James E. Bowles, of counsel), for appellants.

Stephen R. Swofford and David E. Jones, both of Hinshaw & Culbertson, of Chicago (Kristin E. Hutson, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiffs, as co-administrators of the estate of James J. Roberts, deceased, brought a declaratory judgment action against the defendant, Allstate Insurance Company, seeking construction of certain language in an insurance policy which covered the decedent. The trial court granted summary judgment in favor of the defendant and the plaintiffs appeal. We affirm.

The deposition of Frank Penn, a co-worker of the decedent, reveals that on the date of the decedent's injury the decedent and Penn were employed by the Chicago, Missouri & Western railway and were performing routine maintenance on two locomotives which were idling along a side track. Penn was working on the lower portion of the locomotives, and the decedent was working on the upper portions. Although the trains were idling, several braking mechanisms were engaged to prevent movement of the trains along the track. When he was asked whether the trains were vibrating, Penn testified that a person could probably have felt it if the person were touching the locomotive, but it was "not enough to vibrate anything."

While Penn was working on the brakes of one locomotive, he heard a thud. He did not investigate immediately, but a few minutes later he looked toward where the decedent had been working and saw the decedent lying on the ground. There was a ladder nearby and the lid to the sand reservoir on top of the locomotive was open. The decedent was rushed to the hospital where he died approximately two weeks later without regaining consciousness. An autopsy showed that the decedent had not suffered a heart attack or a stroke.

At the time of the accident, the decedent was covered by an accidental death/disability insurance policy issued by defendant which provided different policy amounts for different types of accidents. Part II of the policy provided $100,000 coverage if the decedent was injured while "occupying a private passenger automobile," "through being struck by a land motor vehicle" or "while driving for hire a land motor vehicle." The plaintiffs made a claim under this portion of the policy, and the defendant denied coverage. The plaintiffs then filed a declaratory judgment action against the defendant seeking to have the court rule that the decedent had been "struck by a land motor vehicle" and was entitled to coverage under part II of the policy.

In their motion for summary judgment, the plaintiffs argued that the vibration of the locomotive must have caused the decedent's fall and therefore the court should construe the vibrations as a "striking" within the meaning of the policy. The defendant, in its own motion for summary judgment, argued that the plaintiffs had produced no evidence about what had caused the decedent to fall and relied on conjecture to connect his fall to the vibrations of the locomotive.

The trial court granted the defendant's motion and denied plaintiffs' motion.

Plaintiffs argue on appeal that they have proven a "striking" as required by the language of the insurance policy in two ways. They argue first that any contact between the decedent and the locomotive

is a striking regardless of how the contact was caused and in the alternative that the vibrations of the locomotive constitute a striking.

The insured has the burden of proving that his loss comes within the terms of his insurance policy. (*Hays v. Country Mutual Insurance Co.* (1963), 28 Ill. 2d 601, 192 N.E.2d 855; *St. Michael's Orthodox Catholic Church v. Preferred Risk Mutual Insurance Co.* (1986), 146 Ill. App. 3d 107, 496 N.E.2d 1176.) The words of an insurance policy should be given their plain and ordinary meaning and courts should not strain to find ambiguity where none exists. (*Northbrook National Insurance Co. v. N E H O C Advertising Service, Inc.* (1989), 196 Ill. App. 3d 448, 554 N.E.2d 251.) If the provisions of the policy are unambiguous, they should be enforced as written. *United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 429 N.E.2d 1203.

The plaintiffs urge us to adopt the test used by Illinois courts in determining the applicability of hit-and-run provisions of uninsured motorists' policies and apply that test to the determination of whether the decedent was "struck by a land motor vehicle." The test in question requires only that there be "contact" between the uninsured vehicle and the injured party. "Contact" has been found even in instances in which an object was thrown or propelled by the uninsured vehicle and struck the injured party. (See *Illinois National Insurance Co. v. Palmer* (1983), 116 Ill. App. 3d 1067, 452 N.E.2d 707.) The plaintiffs suggest that requiring some affirmative action on the part of the motor vehicle would leave insurance companies free to set the standard of how much affirmative action is needed and this construction would be "over technical."

■ On the contrary, we find that using the interpretation urged by the plaintiffs would be "over technical." The policy language in question here is "struck by a land motor vehicle." One of the most commonly known meanings of the word "strike" is to hit or to deliver a blow. (See Webster's Third New International Dictionary 2262 (1986).) Giving the words their plain and ordinary meaning leads to the conclusion that the phrase "struck by" means that the "land motor vehicle" must deliver the blow; it must be a causative force in the incident.

Although we find no Illinois cases which have construed the phrase "struck by a land motor vehicle," we do find support for our position in two Texas Supreme Court cases which have construed the phrase "struck by an automobile." In *Houston Fire & Casualty Insurance Co. v. Kahn* (Tex. 1962), 359 S.W.2d 892, the plaintiff's son was injured when he ran his bicycle into the rear of a parked car. In *Gallup v. St. Paul Insurance Co.* (Tex. 1974), 515 S.W.2d 249, the in-

jured person had driven his motorcycle into the rear of a car which was legally stopped at an intersection while waiting to make a left turn. In both cases, the court held that the injured person had not been "struck by" the automobile in question.

Because we hold that the plain and ordinary meaning of the phrase "struck by" requires the land motor vehicle to be a causative force, we decline the plaintiffs' invitation to expand the rule applied in hit-and-run cases.

The plaintiffs further contend that they have proved that the locomotive was the causative force inasmuch as its vibrations caused the decedent's fall. They argue that they do not have to prove that the vibrations were the sole cause or even the primary cause of the fall, only *a* cause. While this statement is true (see *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1987), 152 Ill. App. 3d 46, 504 N.E.2d 123), it is also true that liability may not be based on surmise or conjecture as to the cause of the injuries; proximate cause must be established by a reasonable certainty (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 508 N.E.2d 1201).

To prove causation here, the plaintiffs rely on circumstantial evidence. In *Krotke v. Chicago, Rock Island & Pacific R.R. Co.* (1974), 26 Ill. App. 3d 493, 327 N.E.2d 212, the Appellate Court, First District, faced a factual situation similar to the one at bar. In *Krotke* the plaintiff had been walking on a train platform approximately two to three feet from the edge. After a train pulled up to stop, the plaintiff was found lying on the platform bleeding from behind his left ear. No one saw what had happened to the plaintiff, and the evidence showed that the greatest protrusion from the train was four inches. The court ruled that "no theory as to how the accident occurred can be established by circumstantial evidence unless the facts relied upon are of such a nature and so related to each other that it is the only conclusion that can be reasonably drawn from them." (*Krotke v. Chicago, Rock Island & Pacific R.R. Co.* (1974), 26 Ill. App. 3d 493, 499, 327 N.E.2d 212.) The court upheld a judgment *n.o.v.* for the defendant based on a "complete absence of probative facts to support the conclusion" that the train hit the plaintiff. 26 Ill. App. 3d at 500.

Similarly, in the case at bar, there is a complete absence of probative facts to support the conclusion that the vibration of the locomotive caused the decedent to fall. Although heart attack and stroke were ruled out by the autopsy as possible causes of the decedent's fall, any number of other causes remain, including the vibration of the locomotive. The decedent may have misstepped; he may have

reached too far for something and lost his balance; or he may have become dizzy for some reason which would not be revealed in a post-accident examination. The only evidence which would allow a trier of fact to determine which of the possible causes is the only probable one is the testimony of the decedent's co-worker that the vibration was so slight that a person would have to have been touching the locomotive to feel it at all. This tends to discredit the plaintiffs' theory rather than bolster it.

In an action to construe an insurance policy, summary judgment is appropriate when there is no genuine issue of material fact and the court can decide the issue as a matter of law. (*Rockford Mutual Insurance Co. v. Schuppner* (1989), 182 Ill. App. 3d 898, 538 N.E.2d 732.) Here we find that the record does not show that the only probable cause of the decedent's injury was the vibration of the locomotive. Therefore, the plaintiffs have failed to prove that their decedent was "struck by a land motor vehicle." Accordingly, the defendant is entitled to summary judgment as a matter of law.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY, P.J., and STOUDER, J., concur.