**The People of the State of Illinois, Plaintiff-Appellee, v. James McCrory and Albert Webb, Defendants, Albert Webb, Appellant.**

**Gen. No. 48,844.**

First District, Second Division.

April 11, 1963.

Rehearing denied May 7, 1963.

Wendell P. Marbly, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Thomas A. Hett and Joseph V. Roddy, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court:

This is one of the cases arising out of the recent so-called "bail-bond irregularities" in the Municipal Court of Chicago. The chronology of events as set forth in the pleadings, indicating a rather bewildering record, is essential to a consideration of the case.

It appears that on August 2, 1957 McCrory was arrested and charged with carrying a concealed weapon. He was released on a recognizance or bond in the amount of $500, with Webb as surety, for appearance in court on August 5, 1957. On that date, as the result of McCrory's failure to answer present after being called three times, the court entered an order forfeiting McCrory's bond, and directing capias to issue. Thereafter, on August 20, 1957, scire facias was issued, requiring McCrory and Webb to appear September 26, 1957 to show cause why forfeiture should not be made absolute and judgment entered against them. On that date, after Webb had filed his appearance and jury demand, the cause was continued to November 20, 1957. Apparently McCrory had not been apprehended, and on November 20, 1957 the court entered an order against McCrory and Webb making the bond forfeiture absolute, and judgment was entered against Mc-Crory, and Webb as surety, in the amount of $500 and costs. The order failed to make any disposition of Webb's jury demand. On December 19, 1957 Webb moved the court to enter orders vacating the orders of August 5, 1957 and November 20, 1957. At the hearing on December 19, 1957, on Webb's motion, the State's attorney waived the necessity of said motion's

61

being in writing, and the court, pursuant to hearing, entered orders vacating the bond forfeiture of August 5, 1957, exonerating the surety, ordering the capias to stand with respect to McCrory, vacating the scire facias judgment of November 20, 1957, and dismissing the scire facias suit.

Approximately eighteen months later, on June 16, 1959, the People, by the State's attorney, filed a petition in the Municipal Court asking that the order of December 19, 1957, which had vacated the bond forfeiture of August 5, 1957, be vacated and expunged from the record for lack of jurisdiction. This petition made no mention of the scire facias. No hearing was had on the petition, and after several continuances the State, on June 23, 1960, filed an amendment to the petition of June 16, 1959 and for the first time made reference to the scire facias. No hearing was had, on either the petition of June 16, 1959 or the amendment thereto filed June 23, 1960, until February 7, 1962. At that hearing, defendant being represented by counsel, and the People by the State's attorney, the court, having heard oral arguments for and against the petition, vacated the order of December 19, 1957 vacating the bond forfeiture of August 5, 1957; vacated the order of December 19, 1957 dismissing the scire facias suit herein; vacated the order of December 19, 1957 vacating the scire facias judgment of November 20, 1957; found for the People against Webb; and awarded a judgment against him as surety in the amount of $500 and costs. No evidence was taken; the orders were entered solely on the pleadings, petitions, and motions filed by the parties. Through inadvertence on the part of the deputy clerk assigned to the hearing on the said petition, the orders of the court of February 7, 1962 were not entered in the records of the instant case. When this omission was discovered, matters not entered as of February 7, 1962 were entered on June 1, 1962, nunc pro tunc as of February 7, 1962. It is from

62

these orders of June 1, 1962, nunc pro tunc as of February 7, 1962, that defendant appeals.

■ It is well settled in Illinois that orders vacating a bond forfeiture, vacating a scire facias judgment, and dismissing a scire facias suit are final and appealable orders, binding upon the parties unless reversed upon appeal. In People ex rel. Adamowski v. Dougherty, 19 Ill2d 393, 167 NE2d 181 (1960), another case arising out of "bail-bond irregularities," the Criminal Court, on a motion filed more than fifteen months after entry of the judgment of forfeiture, vacated the original scire facias order on the ground that that order was void because jurisdiction was lacking. No appeal was taken from that judgment order. Nothing further occurred in the case until approximately nineteen months later, when the State's attorney filed a motion in the scire facias proceeding asking that all orders entered therein after the judgment of forfeiture be expunged. This motion was denied by the trial court. The State's attorney thereupon moved for and was granted leave to file an original petition for writ of mandamus in the Supreme Court. There it was said (p 399): "It is well settled that a court has the power to determine the necessary basis for its own jurisdiction when such an issue is presented to it." The court specifically held (pp 399–400) that the Criminal Court had jurisdiction to expunge a void judgment order, and said that even though the order of vacation may have been erroneous, it was final, appealable, and binding upon the People unless reversed upon appeal. In conclusion it stated (p 400) that the writ of mandamus cannot be used as a substitute for an appeal or for the correction of judicial error.

■ In the instant proceeding, the time for perfecting appeals from the orders of December 19, 1957 had passed without any effort on the part of the State's attorney to appeal therefrom. Webb urged this point

in the Municipal Court on February 7, 1962, when he asked that the petition and amendment to the petition of the State's attorney be denied, and it is here urged as one of the principal grounds for reversal. We regard the Adamowski case as controlling on this point. There, as here, the State's attorney sought to excuse his failure to appeal because of the alleged dereliction of duty on the part of his staff, but the Supreme Court rejected this contention in the following pertinent language (p 397):

> "However, the State's Attorney's lack of personal knowledge of the vacation of the judgment order cannot serve as a confession and avoidance of the recognized law for reviewing final judgments. To the extent that he acts through properly authorized assistants, he must be presumed to have notice of matters occurring in proceedings handled by them. . . . ."

The petition filed by the State's attorney seeking to have the order vacating the bond forfeiture set aside relied solely upon the proposition that the order of December 19, 1957 was void for lack of jurisdiction because of Webb's failure to comply with the provisions of section 625f of the Criminal Code (Ill Rev Stats 1957, c 38) relating to bond forfeitures, and with certain rules of the Municipal Court. The statute provides in effect that within fifteen months after any forfeiture of a recognizance or bond, either within thirty days or more than thirty days after the day at which such forfeiture or any judgment or decree thereupon shall have been entered, upon motion, copy of which shall have been served upon the State's attorney, and upon a proper showing to the court upon any of certain specified grounds (that the accused person has been apprehended or surrendered, or has died, or has been convicted and imprisoned by some

64

other state or by the United States), the court in which any proceeding upon scire facias or foreclosure shall be pending may remit in whole or in part, within its discretion, such forfeiture, and set aside or modify in accordance therewith any judgment or decree in such court entered thereupon. It is urged by the State that section 625f established a special statutory procedure for bringing actions to obtain judgments on forfeited bail bonds, that the provisions of this section are mandatory (citing People ex rel. Swanson v. Sullivan, 339 Ill 146, 152–153, 171 NE 122 (1930)), and that failure to follow the statutory provisions is not mere error but a jurisdictional defect (citing People ex rel. Kilduff v. Brewer, 328 Ill 472, 483–484, 160 NE 76 (1928)). Thus the State's case rests largely on the contention that the order of December 19, 1957 was completely void. Specifically the State contends that there was no showing in the record that a petition alleging any grounds for setting aside a forfeiture was filed with the trial court, as required by the statute; and that the order remitting the forfeiture was silent as to the reasons for so remitting, in violation of the statute. However, it appears that on December 19, 1957, when the case was called for hearing, a stipulation between Webb and the State's attorney was accepted by the court, waiving the necessity of a written petition in both the criminal matter wherein the bond forfeiture was vacated and the scire facias matter wherein the scire facias judgment was vacated and the suit dismissed. This being a civil proceeding, the State's attorney had authority to enter into such a stipulation. Courts look with favor on stipulations designed to simplify or settle litigation, and will, when called upon in an appropriate manner, compel such parties to observe them, if fairly made, unless they are illegal or contrary to public policy. (Ill Rev Stats

1957, c 14, § 5; Keithley v. County of Clark, 206 Ill App 500, 504 (1917).)

For the reasons indicated the judgment order of the Municipal Court is reversed; the order of December 19, 1957 vacating the judgment is to stand.

Judgment order reversed; order of December 19, 1957 to stand.

BRYANT, P. J. and BURKE, J., concur.