CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Petitioner-Appellant, *v.* MARION J. BADGLEY *et al.*, Defendants-Appellees.

(No. 74-34;

Fifth District—November 19, 1974.

Byron L. Connell, Jr. and Byron L. Connell, both of Mounds, and Elmer Nafziger, of Springfield, for appellant.

Jack Williamson, of Vienna, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an action instituted in the circuit court of Pulaski County by the petitioner, Central Illinois Public Service Company (C.I.P.S.), to acquire a perpetual easement to construct, operate and maintain an electric transmission line across adjacent farmlands owned respectively by defendants Marion J. Badgley and Glenna Badgley and defendants Duard J. Badgley and Mildred Louise Badgley (referred to collectively as defendants). The defendants each filed a separate cross-petition claiming that their lands within the easement strip would be damaged. They also claimed damages to the remainder of their properties not within the easement strip. The petitioner admitted that the property within the easement strip would be damaged, but contested the amount. The petitioner denied that the land outside the easement strip would be damaged. The case was tried before a jury, which returned a verdict finding the just compensation to be paid Marion J. Badgley and Glenna Badgley for land occupied by the structures to be $1.80, the damages to the land not occupied by the structures but within the easement strip to be $1170, and damage to the remainder of their farm to be $1932. The jury also found the just compensation to be paid to Duard J. Badgley and Mildred Badgley for land occupied by the structures to be $1.80, the damages to land not occupied by the structures within the easement strip to be $2010, and the damage to the remainder of their farm to be $4536. Judgments were entered on the verdicts. The petitioner filed a post-trial motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court entered an order denying each of these motions and the petitioner appeals therefrom.

The issues raised in this appeal are whether the trial court committed prejudicial, reversible, error in (1) sustaining the defendants' objection, and by not allowing petitioner's engineer witness to testify and read into the evidence the "Engineer's Covenant," which set out the rights and

type of easement sought by the petitioner, (2) not granting petitioner's post-trial motion for a new trial, because of counsel for defendants' improper and erroneous comments made during closing arguments, (3) refusing to give petitioner's jury instruction no. 10, and (4) not granting the petitioner a new trial, because there is no sufficient or substantial evidence to support the verdicts, which are against the manifest weight of the evidence.

We shall first address ourselves to petitioner's contention that the trial court erred in refusing to give petitioner's jury instruction no. 10. Petitioner's jury instruction no. 10, not contained in Illinois Pattern Jury Instructions (IPI), read as follows:

> "In arriving at the damages to that part of the easement strips which are not occupied by structures, you should take into consideration the fact that the owners will have and retain all the uses of said easement strips not inconsistent with the right to construct, operate and maintain the said transmission line."

Supreme Court Rule 239(a) provides, in part that:

> "* * * Whenever IPI does not contain an instruction on a subject on which the court determines that the jury should be instructed, the instruction given on that subject should be simple, brief, impartial, and free from argument." Ill. Rev. Stat. 1973, ch. 110A, par. 239(a).

In paragraph 5 of the petition for condemnation the petitioner set out the easement rights sought to be acquired. That paragraph contained, among other things the following provision,

> "* * * the owners of said parcels shall have and retain all uses of said parcels not inconsistent with the easement * * *."

In view of the foregoing provision contained in the petition for condemnation and the fact that considerable emphasis was placed upon whether C.I.P.S. or the landowners would have the "superior right" or "superior use" of the easement strips, particularly by counsel for the defendants, the trial court should have instructed the jury concerning this matter.

The defendants contend, however, that the trial court properly refused to give such instruction since it was argumentative and abstract. Defendants assert that:

> "It is argumentative because it states that defendants' will have certain rights not inconsistent with the rights of the petitioner, without setting out in detail the rights of each. It is abstract because it unduly emphasized the rights the defendants would have to the use of the easement."

No cases are cited in support of this argument.

■■ We find petitioner's instruction no. 10 neither argumentative nor

abstract, as claimed by the defendants. In addition we find said instruction to be simple, brief and substantially impartial. Having previously determined that this instruction concerned a matter "on which the jury should be instructed," we hold that the trial court erred in refusing to give petitioner's instruction no. 10. Compounding this error was the trial court's refusal to allow petitioner's engineer, J. G. Cors, to read into evidence petitioner's exhibit "5," referred to as the Engineer's Covenant," which also set forth the rights and type of easement sought to be acquired by the petitioner. More significant, however, is the fact that none of the other instructions adequately covered the matter contained in the refused instruction or otherwise mitigated the effect of this error. In view of these facts and since the correctness of these instructions was vital (*Department of Public Works v. Bohne*, 415 Ill. 253, 113 N.E.2d 319), we hold the trial court's refusal to give the tendered instruction to be reversible error. The difficulty in determining the precise consequences of this error leads us to the conclusion that justice would best be served by remanding the entire case for a new trial.

Although our conclusion that this case must be remanded for a new trial eliminates the need to consider the other allegations of error advanced by the petitioner, we will address the petitioner's contention that the trial court erred in denying admission to the "Engineer's Covenant," since it is likely that this issue will arise in the new trial.

The "Engineer's Covenant" stated:

"Petitioner covenants that in order to construct, operate and maintain said proposed 161 KV transmission line to be operated initially at 69 KV and to comply with said order of the Illinois Commerce Commission, it will be necessary for Petitioner to acquire an easement over the parcels of land hereinafter in paragraph numbered 7 described for the purpose of entering upon said parcels to construct, operate and maintain said proposed 161 KV transmission line to be operated initially at 69 KV and that the owners of said parcels shall have and retain all uses of said parcels not inconsistent with the easement aforesaid and Petitioner will, within thirty (30) days, following written notice so to do, pay to the owners or any successors in title to said parcels of land, and all damages properly chargeable to Petitioner in any way arising in connection with or subsequent to the construction, operation and maintenance of said proposed 161 KV transmission line to be operated initially at 69 KV upon, over, along, across and through said parcels of land."

This is substantilly identical to paragraph 5 of the petition for condemnation.

Petitioner contends that this covenant should have been allowed into evidence,

"* * * because it properly advised the jury, (1) what rights the petitioner would receive by the easement sought, (2) that the owners of the parcels were to have and retain all use of the lands not inconsistent with the easement, and (3) that any and all damages in any way arising in connection with or subsequent to the construction, operation and maintenance of the line in the future would be paid by the petitioner."

Defendants agree with the petitioner's summary of the contents of the covenant, however, they contend that:

"It is well settled law in Illinois that a binding and legal stipulation or covenant on the part of a condemnor must do and contain four things:

(1) prevent damages which would otherwise occur,

(2) do a thing, or things, not required of it by law,

(3) reduce injury to land,

(4) show what extent the property not taken would be damaged."

No citations are given by defendants in support of this proposition, nor are we able to determine the origin of this "well settled law."

■■ Courts look with favor upon stipulations designed to simplify, shorten or settle litigation and save costs to parties, unless they are illegal or contrary to public policy. (*People ex. rel. Stead v. Spring Lake Drainage & Levee District*, 253 Ill. 479, 97 N.E. 1042; *People v. McCrory*, 41 Ill.App.2d 59, 190 N.E.2d 159; *Keithley v. County of Clark*, 206 Ill.App. 500.) Any matter which involves the individual rights of the parties to a cause of action may properly be made the subject of a stipulation between them (*Roin v. Checker Taxi Co.*, 36 Ill.App.2d 447, 184 N.E.2d 736), and parties directly affected may stipulate as far as their rights or obligations are concerned. *Sanitary District v. Johnson*, 343 Ill. 11, 174 N.E. 862.

■■ In the instant case the "Engineer's Covenant" established the rights sought by the petition for condemnation and clarified which elements of damage were outside the scope of the instant proceedings, *i.e.*, future damages. In addition the petitioner offered to have the wording of this covenant incorporated into the final "Decree of Judgment," ensuring that the covenant would be binding on the petitioner and enforceable by the defendants. Under these circumstances the trial court erred in not allowing petitioner's engineer to *read* the covenant into evidence. Therefore, we direct the trial court to allow petitioner to have the "Engineer's Covenant" read into evidence at the new trial ordered held.

In view of the foregoing conclusions we reverse the judgment of the trial court and remand this case for a new trial consistent with the views expressed herein.

Reversed and remanded with directions.

CREBS and CARTER, JJ., concur.