CONSTANCE L. BURRIS, Adm'r of the Estate of Melvin L. Burris, Deceased, et al., Plaintiffs-Appellants, v. JOHN BLUE COMPANY et al., Defendants-Appellees.

Third District   No. 76-79

Opinion filed December 29, 1976.

654

Leo Schwamberger, of La Salle, for appellants.

Hupp & Irion, of Ottawa, and Duncan Cooper, of Heyl, Royster, Voelker & Allen, of Peoria (George Hupp, of counsel), for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Constance Burris, as administrator of her husband's estate, appeals from an order vacating a judgment in a personal injury action. Although the order also denied Mrs. Burris leave to intervene, the only issue she has argued on appeal is the propriety of the vacation of the judgment.

In 1973 Melvin Burris was killed in an automobile collision while riding in a car driven by plaintiff Dario Benvenuti. Subsequently Benvenuti filed a personal injury action against the defendants, John Blue Company, Edgar Turner, Terry Kolthoff, and Joy Nelson, whose vehicles were involved in the accident. On November 21, 1974, after a jury trial, a verdict was returned awarding Benvenuti $150,000 damages against John Blue Company, Turner, and Kolthoff, and a "not guilty" verdict was returned against Nelson. John Blue Company and Turner appealed from

the judgment entered on the verdict, but the appeal was later dismissed by stipulation of the parties. Pursuant to the same stipulation, Benvenuti filed a motion to vacate the verdict and judgment previously entered, and the trial court entered an order to vacate with prejudice as to John Blue Company, Turner, and Kolthoff. These three defendants paid plaintiff $150,000 as part of the stipulation.

In the meantime, shortly after the verdict in favor of Benvenuti, Mrs. Burris had filed a separate suit against John Blue Company, Turner, Kolthoff, and Nelson for damages resulting from the death of her husband in the same accident. After Benvenuti filed his motion to vacate the judgment he had obtained, Mrs. Burris filed a motion for leave to intervene in his suit in opposition to the motion to vacate. The trial court denied leave to intervene in the same order that granted the motion to vacate the judgment. Mrs. Burris appeals from that order, contending that the trial court acted arbitrarily and capriciously in vacating the judgment and that she is severely prejudiced because she will be denied the benefit of the doctrines of collateral estoppel and estoppel by verdict in the trial of her law suit against defendants.

■■■ In our opinion Mrs. Burris has failed to establish any standing to complain of the order which vacated the Benvenutis judgment. She was never a party to this suit and does not contend that the court erred in denying her leave to intervene. A stipulation to dismiss with prejudice is not an adjudication on the merits (*Caporale v. Shannon Plumbing Co.* (1st Dist. 1974), 20 Ill. App. 3d 511, 314 N.E.2d 540), and is not binding upon persons who are not parties either to the stipulation or to the proceeding in which it is entered (73 Am. Jur. 2d *Stipulations* §9 (1974). Therefore, Mrs. Burris did not have a direct, immediate, and substantial interest in this suit which would be prejudiced by the order or benefited by its reversal. (*City of Alton v. County Court of St. Charles County* (1959), 16 Ill. 2d 23, 156 N.E.2d 531.) Her interest was, at most, indirect and speculative.

Concerning stipulations, it has been said:

> "A stipulation is an agreement between the parties or their attorneys with respect to business before the court and the courts look with favor upon stipulations designed to simplify, shorten or settle litigation and save costs to the parties * * *." *Kazubowski v. Kazubowski* (3d Dist. 1968), 93 Ill. App. 2d 126, 134, 235 N.E.2d 664, *cert. denied*, 393 U.S. 1117, 22 L. Ed. 2d 122, 89 S. Ct. 993.

■■ The stipulation here was a private matter between the plaintiff and certain defendants not affecting the public. They were free to dispose of the risk of an appeal as they saw fit. Furthermore, it has long been the policy of Illinois courts to enforce stipulations relating to the conduct of litigation unless the stipulations are a result of fraud or are illegal or

contrary to public morals. (*E.g., People ex rel. Stead v. Sprink Lake Drainage and Levee District* (1912), 253 Ill. 479, 97 N.E. 1042; *Central Illinois Public Service Co. v. Badgley* (5th Dist. 1974), 24 Ill. App. 3d 294, 321 N.E.2d 26.) Unquestionably, jurisdiction revested in the trial court when the parties to the suit voluntarily appeared more than 30 days after an order was entered, and the judgment was properly set aside. *Brown v. Miner* (1951), 408 Ill. 123, 96 N.E.2d 530; *Steinhagen v. Trull* (1926), 320 Ill. 382, 151 N.E. 250; *Holmgren v. Newcom* (1st Dist. 1971), 133 Ill. App. 2d 76, 272 N.E. 2d 820.

■■ Mrs. Burris also contends that the stipulation is not valid because Joy Nelson, one of the defendants, was not a party. The stipulation did not in any way prejudice Nelson in whose favor a not guilty verdict was entered. The failure to include Nelson did not affect its validity as to the defendants who were a party to the stipulation. *Piper v. Epstein* (1st Dist. 1945), 326 Ill. App. 400, 62 N.E.2d 139; *cf. Chmielewski v. Marich* (1954), 2 Ill. 2d 568, 119 N.E.2d 247.

For the reasons stated, we affirm the order of the trial court.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.