CHRISTOPHER PREDNY, a Minor by his Father and Next Friend, Robert Predny, Plaintiff-Appellant, v. THE VILLAGE OF PARK FOREST, Defendant and Counterdefendant-Appellee (Louis Sherman *et al.*, Counterplaintiffs-Appellants; U.S. Properties *et al.*, Counterdefendants).— CHRISTOPHER PREDNY, a Minor by his Father and Next Friend, Robert Predny, Plaintiff-Appellee, v. THE VILLAGE OF PARK FOREST, Defendant and Counterdefendant-Appellant (U.S. Properties *et al.*, Defendants; LOUIS SHERMAN *et al.*, Counterplaintiffs-Appellees; U.S. Properties *et al.*, Counterdefendants).

First District (5th Division)  Nos. 85—2952, 86—797 cons.

Opinion filed December 4, 1987.—Modified on denial of rehearing January 22, 1988.

Burke & Burke, Ltd., of Chicago (John M. Burke and Molly C. Mason, of counsel), for Christopher Predny.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas F. Tobin, Thomas R. Nelson, John C. Filosa, and Donald J. Hayden, of counsel), for ITT Continental Baking Company and Louis Sherman.

Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago (David Lincoln Ader, of counsel), for Village of Park Forest.

JUSTICE MURRAY delivered the opinion of the court:

This is a consolidated appeal by some of the parties from orders of two trial courts in a negligence action. The action arose out of an August 19, 1981, occurrence, when 11-year-old Christopher Predny (plaintiff) was severely and permanently injured while riding his bicycle down a concrete path leading into a service driveway of a shopping center located in Park Forest, Illinois. The intersection of the bicycle path and service driveway was lined with a row of lilac bushes which prevented a clear view of the intersection. A delivery truck, owned by ITT Continental Baking Company (ITT) and driven by Louis Sherman (defendants-counterplaintiffs), struck the boy's bicycle as it entered the service driveway. Plaintiff is now a quadriplegic. Plaintiff brought a negligence action against ITT and Sherman, and also against the shopping center owners and the village of Park Forest (village) for negligence to maintain, control and to obviate the unnecessarily dangerous condition of the area surrounding the intersection and to fail to warn bicyclists and motorists of the dangerous condition.

ITT/Sherman filed a counterclaim against the village and shopping center owners for contribution. Thereafter, the village filed a summary judgment motion which the trial court granted on September 21, 1983. In its motion, the village asserted that it owed no duty to plaintiff because the accident occurred on private property and submitted a plat survey of the area that was made two years after the accident and subsequent to a cutting back of the bushes by the village police chief, acting on his own initiative after plaintiff's accident. The village also documented that the intersection and the bicycle path for a distance of 10 feet therefrom were privately owned and that the lilac bushes were planted on private property and had not been planted by the village.

In opposition to the summary judgment motion, plaintiff submitted a survey plat prepared before the accident which showed that the village owned much of the land immediately adjacent to the intersection, including a drainage ditch and the majority of the bicycle path. Both plats indicated that the village owns property up to approximately 7½ feet from the curb of the driveway. Plaintiff asserts that this is significant because the police officer investigating the accident measured the width of the bushes and found them to extend 11.4 feet west of the curb, thus placing 3.9 feet of bushes over land owned by

the village. Plaintiff also submitted evidence that the village was the first wholly designed and planned village in Illinois and that the village had required the shopping center developer to plant the bushes in order to provide a screen between the center and nearby homes.

Plaintiff also demonstrated that the village required placement of the bicycle path next to the bushes and that village employees often inspected and/or maintained the area surrounding the drainage ditch. The assistant superintendent for the village testified that when he had worked as a maintenance man, he reported the bush obstruction and, at least once, trimmed the bushes upon his supervisor's order. Subsequently, he again reported the obstruction but was told that the bushes were not on village property. He further stated that he had installed the ramp connecting the path and service driveway for the village. Another employee, who was the village planner between 1969 and 1982, stated in his deposition that village employees had been instructed to give notice of sight obstructions and that he realized the bushes obstructed the view when he used the bicycle path but he never notified anyone.

The village police chief stated that he examined the area after plaintiff's accident and determined that an adult person could not see traffic until after stepping into the driveway. His investigation showed that there had been two accidents prior to plaintiff's at that location—both of which involved bicyclists being struck by motorists on the service driveway. Both accident reports indicated the presence of heavy bushes and one report mentioned obstruction of the path by the bushes. The police officers investigating the prior accidents testified that the bushes were an obstruction but that neither officer reported that fact to superiors.

After hearing oral arguments, on December 21, 1983, the trial court granted summary judgment for the village, dismissing it as a party defendant, after finding that as a matter of law the village owed no duty to plaintiff. This order was not made final and appealable. Afterwards, plaintiff timely moved to vacate the summary judgment and requested leave to file his third amended complaint. Both motions were denied on April 6, 1984. On April 16, the trial court granted the village's motion to dismiss ITT/Sherman's counterclaim for contribution against it and later denied counterclaimants' request to file an amended counterclaim. Neither order was made final and appealable. On a petition for reconsideration, pursuant to a section 2–1401 petition (Ill. Rev. Stat. 1981, ch. 110, par. 2–1401), the court again denied plaintiff and ITT/Sherman their requested relief.

Subsequently, the owners and managers of the shopping center

were dismissed as defendants after entering into a structured settlement with plaintiff. A jury trial was held in a court other than the court issuing the above orders. The only defendants remaining at trial time were ITT/Sherman. The jury rendered a verdict in plaintiff's favor and, after deducting an amount for 37% comparative negligence, awarded him $3,743,910.40. Judgment was entered for that amount on September 3, 1985. On October 3, 1985, both plaintiff and ITT/Sherman filed notices of appeal of the prior interlocutory orders regarding the summary judgment proceedings.

On September 24, 1985, ITT/Sherman filed a motion requesting the first of several extensions of time in which to file a post-trial motion. This and subsequent requests were granted by the trial court. On January 16, 1986, plaintiff filed a motion and stipulation between himself and ITT/Sherman requesting vacation of the judgment, a new trial on all issues, and approval of a loan agreement between plaintiff and ITT/Sherman. On February 28, 1986, the trial court found that it had jurisdiction over the matter and specifically denied approval of the loan agreement since it was not a good-faith settlement under the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, par. 301 *et seq.*) and that the agreement was in fact a settlement. Based on the stipulation, the court also vacated the judgment entered on the jury verdict and dismissed the cause without prejudice. The village appealed from all parts of the February 28 order except the ruling as to the loan agreement/settlement and dismissal of its counterclaim. It also appealed from the orders extending the time granted to ITT/Sherman to file a post-trial motion. The various appeals from the two different court proceedings have been consolidated.

Setting out in full the various orders appealed from would merely confuse most readers. Plainly and simply, the critical underlying issue to these appeals is whether the village should be a party to the litigation because of the alleged existence of issues of fact that would have precluded the trial court from initially granting summary judgment for the village. However, before this court can address that issue, we must first determine our jurisdiction over any or all of the issues raised on appeal since the village questions the trial court's jurisdiction to enter the February 28, 1986, order.

The village contends that the trial court lacked jurisdiction to vacate the judgment and dismiss the cause without prejudice because plaintiff and ITT/Sherman had previously filed notices of appeal and because more than 30 days had elapsed from entry of judgment. It also objects to the earlier orders granting ITT/Sherman extended

time to file a post-trial motion. The village further argues that the judgment should not have been vacated since the village had an interest in the judgment and was not a party to the stipulation seeking vacation of the judgment. In response, plaintiff and ITT/Sherman dispute the lack of jurisdiction and move to dismiss the village's appeal, asserting that it is premature.

This court affirms the February 28, 1986, order. The village initially charges that the trial court lost jurisdiction over its judgment for consideration of post-trial motions because plaintiff and ITT/Sherman had filed notices of appeal on September 24, three weeks after entry of judgment. Plaintiff appealed the entry of summary judgment dismissing the village which had been entered in December 1983 and the denial of its motion to file a third amended complaint. ITT/Sherman appealed the summary judgment order, the dismissal of their counterclaim, and denial of their motion to file an amended counterclaim. All of the above orders were entered before the trial to determine ITT/Sherman's liability to plaintiff. The village asserts that jurisdiction over the entire case vested in the appellate court as soon as the above appeals were filed, citing Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) and the common law rule of unitary judgments as authority for its contention.

■ This argument is clearly without merit. Even after ITT/Sherman and plaintiff timely filed their notices of appeal from the prior interlocutory orders, the trial court retained jurisdiction to consider post-trial motions resulting from the trial on liability. (*In re Estate of Denaro* (1983), 112 Ill. App. 3d 872, 445 N.E.2d 1308.) And, if the parties had not filed their appeals of the prior nonfinal orders within 30 days of entry of the final judgment order, they would have waived their right to appeal from the prior orders. (*Elg v. Whittington* (1986), 149 Ill. App. 3d 307, 500 N.E.2d 568.) Moreover, an appellate court has jurisdiction only over those matters raised in the notice of appeal. (*Yaw v. Beeghly* (1982), 109 Ill. App. 3d 627, 440 N.E.2d 1066.) Thus the notices of appeal from the earlier interlocutory orders in no way affected the court's jurisdiction to consider the motion and stipulation to vacate the liability judgment.

■ Next, the village argues that the trial court improperly granted ITT/Sherman several extensions of time to file a post-trial motion. The village asserts that as a result of these improper extensions, the court was without jurisdiction to set aside the judgment on February 28, 4½ months after entry of judgment. We disagree with the village.

As a general rule, a trial court has no jurisdiction to modify, set

aside, or vacate a final judgment more than 30 days after its entry. However, section 2—1202 of the Illinois Code of Civil Procedure requires that post-trial motions be filed "within 30 days after the entry of judgment *** *or within any further time the court may allow within the 30 days or any extensions thereof.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1202(c).) This unambiguous language permits a trial court to retain jurisdiction over the matter beyond the 30-day limitation if the court extends the time for filing a motion.

That such extensions validly retain jurisdiction in the trial court is clearly evidenced by Illinois case law. The court in *Putz v. Schulte* (1982), 104 Ill. App. 3d 128, 131, 432 N.E.2d 1070, 1073, in considering whether the time for filing a post-trial motion is extended by the timely filing of a post-trial motion by another party, noted that the rule requires "each party to file his post-trial motion within 30 days (or such extension as may be allowed by the court upon motion filed within 30 days)." In discussing a court's post-trial jurisdiction, the court in *Welch v. Ro-Mark, Inc.* (1979), 79 Ill. App. 3d 652, 655-56, 398 N.E.2d 901, 903, noted that "[t]he Civil Practice Act provides for post-trial motions to be filed within 30 days of the entry of a judgment [citation] unless the trial court allows an additional 30 days or any extension thereof. [Citation.] It is well established that *if no such extension has been granted,* a party may not seek post judgment relief beyond the 30-day period unless ***." (Emphasis added.) It was also stated in the case of *In re Marriage of Uphoff* (1982), 110 Ill. App. 3d 608, 442 N.E.2d 965, that an earlier decision in *Elliott v. Willis* (1982), 92 Ill. 2d 530, 442 N.E.2d 163, "did not alter the fundamental principle that after a final judgment is entered a party has 30 days in which either: (1) to appeal, or (2) to file a post-trial motion, or (3) *to seek an extension of time in which to file a post-trial motion.*" (Emphasis added.) 110 Ill. App. 3d at 610, 442 N.E.2d at 966.

We also note that the predecessor to section 2—1202(c) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1202(c)) was section 68.1(3) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.1(3)). Section 2—1202(c) remains unchanged from the earlier provision. The comments to section 68.1(3) state that "[t]he subsection specifically authorizes the court to grant successive extensions of time for filing post-trial motions, which has been done as a matter of practice without specific authority." Ill. Ann. Stat., ch. 110, par. 2—1202(c), Joint Committee Comments (1955), at 62 (Smith-Hurd 1983).

In light of the above, we can discern no reason to justify raising the issue of extensions of time to file a post-trial motion in this appeal.

■ The village also contends that the trial court erred in vacating the judgment on stipulation of less than all of the parties to the case, the village not being a party to the stipulation. It further argues that the court's *sua sponte* dismissal of the case without prejudice was improper.

The village's reliance on *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, is misplaced. The *Kahle* court held that a voluntary pretrial dismissal without prejudice is appealable by the defendant for the purpose of ascertaining whether or not a trial or hearing had actually begun. We do not have that fact situation in the present case. Furthermore, we cannot speculate about a right before it has been actually asserted and contested. (*Stallings v. Fajardo* (1987), 157 Ill. App. 3d 913, 513 N.E.2d 404.) The village has not demonstrated the presence of any concrete prejudice to it by the stipulation and dismissal. Its claim of interest at this point is pure conjecture. And, the failure to include the village in the stipulation does not affect its validity as to the parties involved in the agreement. See *Burris v. John Blue Co.* (1976), 44 Ill. App. 3d 653, 358 N.E.2d 724.

However, it is pertinent to note that, contrary to the village's argument, the *sua sponte* dismissal of the cause without prejudice in the February 28 order was not a dismissal under section 2—1009 of our civil practice rules. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009.) Section 2—1009 authorizes a plaintiff, counterplaintiff, or third-party plaintiff to dismiss a cause any time before trial or hearing begins upon payment of costs without prejudice. Since the trial between ITT/Sherman and plaintiff had concluded, it is obvious that the February 28 order was not a dismissal under section 2—1009, which would have permitted plaintiff to refile his cause against ITT/Sherman. Instead, the order was a final order based upon the settlement agreement between plaintiff and ITT/Sherman. The only apparent effect of the order was to preclude plaintiff from refiling the cause. (*Jackson v. Schencker & Schencker* (1986), 145 Ill. App. 3d 232, 494 N.E.2d 669.) The February 28 order had no effect whatsoever on any of the rights of the village to subsequently file a counterclaim or third-party complaint against any or all of the parties.

The trial court's finding that the settlement was "not in good faith" preserves the village's right to proceed against ITT/Sherman and other tortfeasors if the village is found to be also liable. A good-faith finding would have discharged ITT/Sherman from all liability for contribution to any other possible tortfeasor, including the village. (Ill. Rev. Stat. 1985, ch. 70, par. 302.) Furthermore, in any contribution action by ITT/Sherman against the village, the "not in good faith"

finding relieves the village of a burden the law imposes upon it to prove that the settlement was not in good faith. See *Perez v. Espinoza* (1985), 137 Ill. App. 3d 762, 484 N.E.2d 1232.

Accordingly, since the February 28 order was a final order based upon a settlement agreement, we must deny plaintiff's and ITT/Sherman's motions to dismiss the village's appeal on the ground of prematurity.

■■ It appears obvious that the purpose of the village's appeal from portions of the February 28 order is to sustain its summary judgment, preclude the filing of contribution claims by the other tortfeasors, and at the same time maintain the jury award and comparative negligence finding in the cause between ITT/Sherman and plaintiff. We note that the trial court vacated only the judgment entered on the jury verdict; it did not disturb either the verdict or jury findings. It is well established that a party cannot avail itself of those parts of a decree which are beneficial to it and afterward appeal, seeking reversal of those portions of the order which are unfavorable to it. (*Schroeder v. Meier-Templeton Associates, Inc.* (1984), 130 Ill. App. 3d 554, 474 N.E.2d 744.) Here, the village stood in the wings, as a result of its success in being dismissed from the cause by a nonappealable order which effectively prevented an immediate appeal before the trial on liability, and thereafter objected to the court's posttrial rulings. It now requests this court to uphold those parts of the order dismissing its counterclaims, the finding that the loan agreement between plaintiff and ITT/Sherman was not a good-faith settlement, and the ordering of ITT/Sherman to pay $1,293,905 (after deducting $2,450,000 received as settlement with the shopping center owners and managers) to plaintiff in settlement of their liability. But it wants this court to reverse those parts of the order vacating the judgment and dismissing the cause without prejudice.

Since we have determined that (1) the trial court had jurisdiction to enter its February 28, 1986, order, (2) the order was a final order pursuant to a settlement and does not affect the village's procedural or substantive rights, and (3) the village cannot accept those portions of the order that benefit it and attack those to which it objects, we must affirm the February 28 order. Accordingly, we need not address other arguments presented by the village. To do so would merely add verbiage to this opinion.

The second part of this appeal concerns the summary judgment order dismissing the village as a party defendant, the court's denial of plaintiff's motion to file a third amended complaint, the dismissal of ITT/Sherman's counterclaim, and denial of their section 2—1401 peti-

tion. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401.) The trial court granted the village's motion for summary judgment on the basis that as a matter of law the village owed no duty to plaintiff under the facts of this case. We reverse.

■ A party's right to summary judgment must be clear and free from doubt. (*Lind v. Zekman* (1979), 77 Ill. App. 3d 432, 395 N.E.2d 964.) Moreover, pleadings should be construed most strictly against movant and most liberally in favor of the opponent. (*Estate of Kern v. Handelsman* (1983), 115 Ill. App. 3d 789, 450 N.E.2d 1286.) Only when the pleadings, depositions, admissions, and affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law should summary judgment be awarded; *Addison v. Whittenberg* (1987), 159 Ill. App. 3d 585, 512 N.E.2d 76.

The village contends that as a mater of law, it did not own or control the intersection where the accident occurred or, alternatively, that even as owner of a portion of the property surrounding the intersection, the village owed no duty to plaintiff to trim or remove the obstructing bushes which were on private property.

It is undisputed that the village owned the bicycle path up to the last 7½ feet before the intersection, that 3.9 feet of the bushes extended over village property at the time of the accident, that a village employee reported the bush obstruction several times and trimmed them once on his supervisor's order, that there had been two similar accidents at the same location prior to plaintiff's accident, that the village originally required the bushes to be planted as a screen, and that a ramp connecting the path to the service driveway was installed by the village.

■ Inferences may be drawn from undisputed facts but a summary judgment motion should be granted only if those facts are susceptible of a single inference; if more than one inference could be reasonably drawn, summary judgment should be denied. (*Beverly Bank v. Alsip Bank* (1982), 106 Ill. App. 3d 1012, 436 N.E.2d 598.) Construing the pleadings most favorably for plaintiff, the above facts could very probably support an inference that the village exercised such control and maintenance of the accident area so as to impose a duty upon it.

■ Moreover, case law favors the finding of such a duty. A municipality's duty to keep their streets, sidewalks, and parkways in a reasonably safe condition is not limited but extends to any part of portions immediate and adjacent thereto. (*Koch v. City of Chicago* (1938), 297 Ill. App. 103, 17 N.E.2d 411.) This duty was reaffirmed by our supreme court in *Janssen v. City of Springfield* (1980), 79 Ill. 2d

435, 404 N.E.2d 213, which held that a municipality could have a duty to warn of dangerous conditions on adjacent property. In *First National Bank in De Kalb v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326, the factual question as to whether a vision-obstructing tree was on public or private property was not critical in determining whether the municipality breached its duty of ordinary care to keep streets and sidewalks safe for public use. The *De Kalb* court also noted that once a municipality adopts a plan regarding public improvements, it then owes a duty to maintain those improvements.

However, a municipality's duty to maintain a public improvement does not begin until an improvement is actually undertaken. (*Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 495 N.E.2d 1259.) In so holding, the *Horrell* court noted that an exception to the Local Governmental and Governmental Employees Tort Immunity Act holds a public entity liable "if after the execution of [a] plan or design it appears from its use that it has created a condition that is not reasonably safe." (Ill. Rev. Stat. 1985, ch. 85, par. 3—103(a).) In our case, the village, as part of a total plan for design of the village, required the planting of the bushes and even constructed a ramp for easier access from the bicycle path to the service driveway.

■ Sufficient facts were pleaded to show that, contrary to its assertions, the village owed plaintiff at least a duty of ordinary care, even though the accident occurred on adjacent property. (See *La Salle National Bank v. City of Chicago* (1985), 132 Ill. App. 3d 607, 478 N.E.2d 417.) Thus, entry of summary judgment for the village was improper.

■ Because of our preceding conclusions, we will only briefly discuss the denial of various motions by plaintiff and ITT/Sherman. Whether to allow an amendment to a pleading rests within a court's discretion and will not be disturbed absent an abuse of discretion. (*Farnor v. Irmco Corp.* (1979), 73 Ill. App. 3d 851, 392 N.E.2d 591.) However, our civil procedure rules are intended to allow amendments to pleadings so that cases are decided on their merits rather than on procedural technicalities. *Trent v. Brasch Manufacturing Co.* (1985), 132 Ill. App. 3d 586, 477 N.E.2d 1312.

■ After summary judgment for the village, plaintiff moved to vacate the judgment and requested leave to file a third amended complaint. Contrary to the village's arguments, these motions were timely, since the summary judgment was not made final and appealable. Since we have decided that the village owed a duty to plaintiff, we must reverse the denial to file an amended complaint in order to permit plaintiff to amend his complaint to conform to the proof. ITT/

Sherman's motion to file an amended counterclaim for contribution against the village was summarily denied without a hearing and after the village was dismissed as a defendant. Although the movants contend that their motions were denied on the basis of collateral estoppel, the record does not clearly indicate the reason for the denial. In the interest of justice, we must reverse the denial of the amended counterclaim now that the summary judgment has been reversed. In view of our decision, there is no need to consider the denial of ITT/Sherman's section 2—1401 petition.

For the above reasons, the order of February 28, 1985, vacating the judgment, ordering the settlement, and dismissing the case without prejudice is affirmed. The summary judgment order dismissing the village as a defendant is reversed, as are the orders denying plaintiff and ITT/Sherman leave to file amended pleadings. The cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

LORENZ and PINCHAM, JJ., concur.