RONALD J. GRIGLIONE, Plaintiff-Appellant, v. THE TOWN OF LONG POINT, a/k/a Long Point Township, Defendant (Livingston County, Defendant-Appellee).

Fourth District   No. 4—88—0788

Opinion filed June 8, 1989.

Craig M. Armstrong, of Armstrong, Surin & Engels, of Ottawa, for appellant.

W. Thomas Johnston, of Quinn, Johnston, Henderson & Pretorius, Chartered, of Peoria, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

This case arose from a one-car accident that occurred on the evening of August 3, 1985. Plaintiff was travelling westbound on a township road which forms a T-intersection with a north-south county road. Plaintiff travelled through the intersection into a ditch on the west side of the county road and suffered personal injuries. The stop sign controlling traffic from the township road at the intersection with the county road was obscured by vegetative growth. Plaintiff appeals from the order of the circuit court of Livingston County which granted a motion for summary judgment filed by defendant County of Livingston. The issue on appeal is whether the trial court erred in granting summary judgment in favor of the county where the facts show weeds along a township road obscured a stop sign, which stands within the county's right-of-way, at an intersection with a county road.

At approximately 9 p.m. on the date of the occurrence, plaintiff was driving west on Township Road 2250, northeast of where that road ends at a T-intersection with County Road 300 east in Livingston County, when he saw a barricade on the west side of the T-intersection with the county highway and realized he would have to stop. Plaintiff alleged approximately 200 feet east of the T-intersection he locked the brakes of his vehicle, it skidded through the intersection, snapped planking from the barricade while his foot was still on the brakes, became airborne over a ditch, and he suffered personal injuries upon the vehicle's landing in the ditch. Plaintiff had never travelled on the township road before. Plaintiff also alleged he was driving with the high beams on his headlights at a speed of between 50 and 55 miles per hour when the incident occurred.

The view of the stop sign at the intersection on the date of the occurrence was obstructed by ragweed 5 to 6 feet high along the westbound lane for 50 to 60 feet. The county had installed the stop sign at that intersection. The right-of-way of the county highway extended up to 16 feet east of the stop sign. There was no evidence that the county had agreed to maintain the township roadway or that it had maintained the township roadway previously. In a discovery deposition, the county superintendent of highways for Livingston County, John Bourne, testified the county had the responsibility to maintain the county right-of-way. In addition, the highway commissioner of Long Point Township, Leroy Woltzen, testified in a discov-

ery deposition the county was required to maintain the stop sign area. There was no warning sign on the township road to the east of the stop sign.

After the accident, the county sheriff notified the township of the growth of weeds along the road and the township dispatched its employees to cut the weeds.

Plaintiff's complaint in count II alleged the county permitted an extensive growth of ragweed to obscure the traffic sign controlling traffic proceeding in a westerly direction on Township Road 2250 north at the intersection of County Road 300 east; failed to properly maintain the T-intersection; and failed to properly inspect the T-intersection. On May 22, 1986, defendant county filed its motion to dismiss count II of plaintiff's complaint. On June 19, 1986, the township filed its motion to dismiss count I of plaintiff's complaint. On September 18, 1986, the trial court entered an order striking plaintiff's complaint, counts I and II. That same day, defendant filed its motion to dismiss count II of plaintiff's amended complaint on two grounds: plaintiff failed to allege actual or constructive notice of the existence of the condition claimed in sufficient time for defendant to have taken measures against such condition; and plaintiff failed to charge any negligence by defendant. On September 30, 1986, the trial court entered an order dismissing plaintiff's amended count II, stating the amended count II was defective because it failed to plead requisite notice and plaintiff's charge that defendant county failed to properly inspect and maintain the T-intersection was vague, overbroad, and conclusive. Plaintiff finally filed the amended complaint on October 2, 1986.

Count II of plaintiff's amended complaint alleged defendant permitted an extensive growth of ragweed to obscure the stop sign controlling traffic proceeding in a westerly direction along Township Road 2250 north at the intersection of County Road 300 east; the county failed to properly inspect and maintain the T-intersection; and the county failed to properly inspect and maintain the T-intersection so as to ascertain the stop sign on the township road was obscured by ragweed not less than 10 feet high. On November 17, 1986, plaintiff filed a second-amended complaint in which he alleged the county had notice of the offending condition. In this regard, Bourne, the Livingston County superintendent of highways, testified in a discovery deposition a county employee, Robert Stottle, was at the intersection three days before the occurrence but did not notice the brush.

On March 9, 1988, Long Point Township filed a motion for summary judgment which alleged the stop sign was erected by Livingston

County on the county's right-of-way and the township's duty to the county's right-of-way was discretionary. On March 29, 1988, the county filed its motion for summary judgment which claimed the only actual allegations of negligence were contained in the second-amended complaint and asserted the road was part of the township highway system, not the county highway system.

On May 31, 1988, the court entered its order which denied the motion for summary judgment presented by the township. In addition, the court granted the county's March 29 motion for summary judgment. The order stated the court found plaintiff did not establish a duty on the part of the county to prevent ragweed from obscuring the stop sign in question or to warn of the same. The court stated the stop sign appeared to be within the county right-of-way and the county installed the stop sign, but concluded those two factors did not create a duty on the part of Livingston County to maintain the roadway or shoulders along the township road.

On June 9, 1988, plaintiff filed his motion to vacate the court's order entered on May 31, 1988. On August 19, 1988, the trial court entered an order denying plaintiff's motion to reconsider the summary judgment order entered in favor of the county. On September 27, 1988, plaintiff moved to dismiss count I of plaintiff's complaint brought against defendant Long Point Township. An order was entered which granted the motion to dismiss that same day. Plaintiff filed his notice of appeal on October 24, 1988.

Sections 3—102(a) and 3—104 of the Local Governmental and Governmental Employees Tort Immunity Act stated at the time the incident which gave rise to this case occurred:

"(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in sufficient time prior to an injury to have taken measures to remedy or protect against such condition." Ill. Rev. Stat. 1985, ch. 85, par. 3—102(a).

"(a) Neither a local public entity nor a public employee is liable under this Act for an injury caused by the failure to initially provide regulatory traffic control devices, stop signs, yield right-of-way signs, speed restriction signs, distinctive roadway

markings or any other traffic regulating signs.

(b) Neither a local public entity nor a public employee is liable under this Act for an injury caused by the failure to provide traffic warning signals, signs, markings or other devices unless such a signal, sign, marking or device was necessary to warn of a condition which endangered the safe movement of traffic, and which would not be reasonably apparent to or anticipated by a person in the exercise of due care." Ill. Rev. Stat. 1985, ch. 85, par. 3—104.

Also relevant is section 6—101 of the Illinois Highway Code, which states:

"Roads which are part of the township and district road system are under the jurisdiction of the several road districts in which they·are located, subject to such supervision by the county and the Department as is provided in this Code. A road district comprises either a township, township district, road district or county unit road district in existence immediately prior to the effective date of this Code or any area created a road district under the provisions of this Code." Ill. Rev. Stat. 1985, ch. 121, par. 6—101.

■ As stated recently by the court in *Predny v. Village of Park Forest* (1987), 164 Ill. App. 3d 688, 697, 518 N.E.2d 1243, 1249, when the propriety of a motion for summary judgment is being examined, the pleadings should be construed most strictly against the movant and most liberally in favor of the opponent. Summary judgment should be awarded only when the pleadings, depositions, admissions, and affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.

■ The question of division of responsibility between various governmental agencies for road maintenance is generally one of law for the courts. (*Bentley v. Saunemin Township* (1979), 77 Ill. App. 3d 598, 602, 396 N.E.2d 285, 288, *aff'd* (1980), 83 Ill. 2d 10, 413 N.E.2d 1242.) In the instant case, to establish defendant was negligent, plaintiff must demonstrate defendant had a duty to maintain the roadway and intersection in question, there was a breach of the duty, and an injury proximately resulted from that breach. (*Tunk v. Village of Willow Springs* (1983), 120 Ill. App. 3d 800, 804, 458 N.E.2d 1132, 1135.) Our supreme court has found the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—304) imposes a duty on townships to warn traffic on highways under their maintenance jurisdiction. *Bentley*, 83 Ill. 2d at 13, 413 N.E.2d at 1244.

In *Bentley*, plaintiff's decedent was a passenger in an automobile

driven by her husband; they were proceeding westbound on a township road and entered a State highway where a northbound vehicle collided with them. The State had placed a stop sign at the intersection to regulate access from the township road onto the State highway. Branches of a tree hung to the ground and extended to the edge of the township road, obscuring visibility of the stop sign from beyond 120 feet of the sign. The supreme court stated under the Illinois Highway Code (Ill. Rev. Stat. 1975, ch. 121, par. 6—201.7) and *Janssen v. City of Springfield* (1980), 79 Ill. 2d 435, 404 N.E.2d 213, "it cannot be seriously questioned that defendants [the township and its highway commissioner] owed plaintiff's decedent a duty of reasonable care in maintaining visibility of the stop sign." (*Bentley*, 83 Ill. 2d at 13, 413 N.E.2d at 1244.) The court found the evidence was sufficient to support a determination that the defendants' duty was breached, and failure to maintain visibility of a stop sign was negligence as a matter of law.

■ The *Bentley* facts are similar to those of the case at bar. In both cases the plaintiff was travelling on a township road where a stop sign had been obscured by vegetation. In addition, in each case the road which intersected with the township road was under the jurisdiction of the same governmental entity that placed the stop sign along the township road. We find a duty of reasonable care in maintaining visibility of the stop sign was owed by the township, but not the county, to plaintiff in the case before us.

Plaintiff urges us to follow *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326. In *First National Bank*, two vehicles collided at an intersection of two streets within the city of Aurora. A large, dense evergreen tree and a line of bushes obstructed plaintiff's view of the intersection. Several city ordinances stated no landowner within the city shall obstruct the view of any person travelling the city's streets and approaching its intersections. The court found, in light of the city ordinances, plaintiff's allegation that the city had a duty to maintain the uncontrolled intersection in a reasonably safe manner and that the city violated its duty stated a cause of action. *First National Bank* is easily distinguished from the instant case; in *First National Bank*, both streets were within the city's maintenance jurisdiction according to city ordinances, whereas here we have no such statutory directives.

Plaintiff cites *Janssen* (79 Ill. 2d at 449, 404 N.E.2d at 220), where the court noted more than one local entity may exercise maintenance jurisdiction over portions of the same roadway. Plaintiff attempts to baldly assert because the stop sign stands within the county

right-of-way along the township road in the case at bar, under *Janssen* the county was obligated to maintain the stop sign. *Janssen*, however, does not support that assertion.

In *Janssen*, a motorcyclist travelling on a street which the city and State agreed to jointly maintain approached a traffic island which was on State property and solely within its jurisdiction. The traffic island was hazardous to approaching traffic from the street under joint control of the city and State. The motorcyclist did not notice the traffic island which encroached into the roadway until he collided with it. The court found the city had a duty to warn of the hazard under section 11—304 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—304), which imposes an obligation on local authorities to warn motorists of hazards which are incident to the portion of a highway which remains under local maintenance jurisdiction. The court emphasized a governmental unit which controls a roadway has a duty to warn motorists of hazards adjacent to the roadway even if the hazard itself is not within the control of the governmental unit. *Janssen*, 79 Ill. 2d 435, 404 N.E.2d 213.

The *Janssen* rule does not apply to the facts of this case. The *Janssen* rule would apply to the county here if there was a hazard to motorists on the county highway. We do not believe the *Janssen* rule may be extended to include a hazard which is unnoticeable from the county highway.

Plaintiff cites *Predny* (164 Ill. App. 3d 688, 518 N.E.2d 1243), where the court reversed a summary judgment order which dismissed the village as a defendant. In *Predny*, the minor plaintiff was riding his bicycle down a concrete path leading into a service driveway of a shopping center. A delivery truck struck the boy's bicycle as he entered the service driveway and injured him severely. Bushes grew on private property along the path and 3.9 feet of the bushes extended over the village's bicycle path. The village had trimmed the bushes on at least one occasion. Also, two accidents occurred at that location prior to the one which involved the plaintiff, and both prior accidents involved the presence of heavy bushes, one involving obstruction of the path by bushes. The court noted the bushes were part of a village plan and the village constructed a ramp for easier access from the bicycle path to the service driveway.

The court found the facts "could very probably support an inference that the village exercised such control and maintenance of the accident area so as to impose a duty upon it." (*Predny*, 164 Ill. App. 3d at 697, 518 N.E.2d at 1249.) A municipality's duty to keep its streets, sidewalks, and parkways in a reasonably safe condition is not

limited but extends to any area immediately adjacent thereto. (*Predny,* 164 Ill. App. 3d at 697, 518 N.E.2d at 1249.) *Predny* is distinguishable from the case before us. In *Predny,* the bushes which obstructed the view on the bicycle path were a part of a village plan. In addition, in *Predny* there were two prior accidents at the same location as well as notice of prior obstruction by the same bushes.

Plaintiff also cites *Hennigs v. Centreville Township* (1973), 56 Ill. 2d 151, 306 N.E.2d 287. The *Hennigs* court held the township was liable for injuries suffered by a pedestrian who walked along a township road and on township property at night when she fell on a pile of frozen gravel. In *Hennigs,* however, the court found a township has a duty to maintain its property in a reasonably safe condition. Plaintiff urges us to apply the *Hennigs* holding to the county right-of-way in the case before us but we fail to find any sound reasoning which would support such a holding in the instant case.

■ Finally, plaintiff claims the testimony given by both the county superintendent of highways and the highway commissioner of Long Point Township, both of whom stated the county had the duty to maintain the stop sign in the case at bar, proves the county did indeed have that duty. A legal duty, however, is not limited by the interpretations cast upon it by State and city employees. (*Janssen,* 79 Ill. 2d at 451, 404 N.E.2d at 221.) We apply the above rule to the county and township employees in this case.

Defendant argues the township has exclusive responsibility for the maintenance of township roads. In support of this contention, defendant cites *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 505 N.E.2d 776. In *Highland,* a motorcyclist and a truck collided on a township road. The county had appropriated funds for the township for construction of a grade crossing at the location of the collision. In addition, the county's superintendent of highways attended an Illinois Commerce Commission hearing to acquire State funds for the grade crossing. The court found these actions insufficient to confer jurisdiction upon the county over the particular township roadway in question. We find no reason to confer jurisdiction upon defendant for the maintenance of vegetative growth in front of the stop sign along the township road in the instant case.

Defendant argues that while the county installed the stop sign in this case, and the stop sign rested within the county's right-of-way, the only duty the county had here was to maintain the stop sign itself. Defendant cites *Burris v. Madison County* (1987), 154 Ill. App. 3d 1064, 507 N.E.2d 1267, to support this contention. In *Burris,* two automobiles collided at an intersection of a county road with a town-

ship road. The plaintiff was travelling southbound on the township road, a road plaintiff had travelled on three or four times previously but was not completely familiar with. The other car was travelling westbound on the county road and the two automobiles collided in the intersection. A stop sign on the township road was leaning severely, lying approximately 22 inches off the ground.

The court held section 11—302 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—302) established a maintenance scheme that places the responsibility for the erection and maintenance of stop signs at the intersections of roads and highways of larger and lesser governmental entities upon the larger governmental entity. (*Burris*, 154 Ill. App. 3d at 1073, 507 N.E.2d at 1273.) As defendant contends, the county has the duty to maintain the stop sign itself in the case at bar, but does not have the duty to maintain any of the territory surrounding the stop sign.

After extensive review of the record and the applicable law, we find there is no genuine issue of material fact as to whether the county had the duty to keep the stop sign along the township road free from obstruction by vegetative growth, or to warn motorists on the township road of the approaching intersection. Therefore, the order of the circuit court of Livingston County is affirmed.

Affirmed.

LUND and GREEN, JJ., concur.